Cole, Ch. J.
The only question made in this appeal is as to the correctness of the action of the court below upon the defendant Noteman’s motion for a change of venue, in overruling the same. The transcript shows that the defendant Noteman made the note in Story county ; that he still resides in that county, and was served with notice there; that the defendant Robbins is an indorser of the note, and resides in Buchanan county, where this action was brought and notice served upon him. Our statute provides, section 2800 (1701): “Except where otherwise provided herein, personal actions must be brought in the county wherein some of the defendants actually reside. ^ This action was thus brought, and the court properly overruled the motion. Tucker v. Shiner et al„ 28 Iowa. But it is suggested in argument that Robbins not being a payee, indorsee or assignee of the instrument, became only a guarantor thereof by his indorsement (Rev., § 1800), could not be sued thereon with the maker. Whether, if he was sued as guarantor, he might not be regarded as one of the “parties to negotiable paper” and properly joined, we need not decide in this case, but see Tucker v. Shiner, supra, for his was not a “ blank indorsement of the instrument,” but was in full. He is sued as indorsee, and the defendant’s affidavit for a change of venue states that he is “ an indorser to said note.” As such he surely was properly joined, under Revision, section 2764.
Affirmed.