## ROEMER v. NEUMANN and others.

*(Circuit Court, S. D. New York. January 14, 1886.)*

1. PATENTS FOR INVENTIONS—INTERLOCUTORY DECREE.
    An interlocutory decree, entered *pro confesso,* finding the patent valid, awarding an injunction, and referring the case to a master to take an account of profits and damages, is not definitive. No appeal lies from it, and it is still in the control of the court.

2. SAME—RELEASE OF PROFITS AND DAMAGES.
    A release of profits, damages, and costs having been signed at the time of the entry of the interlocutory decree, complainant was in a position to have such decree made final.

3. SAME—DISTINCTION BETWEEN FINAL DECREE AND STIPULATION.
    The distinction between a final decree and a stipulation upon which such a decree may be entered, is obvious. The sanction of the court to the agreement of the parties is necessary to give such agreement the effect of a final decree.

4. SAME—INTERLOCUTORY DECREE AS AN ESTOPPEL.
    In a prior suit between the same parties, an interlocutory decree, *pro confesso,* awarding an injunction and a reference to a master, had been entered, and a release of profits and damages signed. In a subsequent suit between the

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

same parties, exceptions setting up this decree as an estoppel were overruled, in the absence of an express authority on the question; and *held*, that where there is a doubt in such a case, it ought to be resolved against the party urging the estoppel.

This case came up for hearing on exceptions to defendants' answer. The complainant had brought suit in the circuit court for the district of New Jersey, in 1880, against the same defendants, for infringement of his patent, No. 195,233. A decree *pro con.* was entered in that suit, and a written agreement entered into between the parties whereby the complainant waived damages, profits, and costs; but a perpetual injunction was issued and served. Afterwards, in 1881, the complainant moved, in the New Jersey suit, to attach defendants for contempt of court for their violation of the injunction. Judge NIXON, in denying that motion, wrote in his opinion as follows:

"At the time that the decree *pro con.* was allowed against the defendants, the complainant signed a paper releasing them from all claim for damages and profits. Possibly both parties were acting under a misapprehension, and the best solution of the case, in my judgment, is for both to agree that the decree should be opened, the release of damages canceled, and the suit proceed to a final hearing. At all events, I am not willing, on the evidence taken, to make the rule to show cause why the defendants should not be attached for contempt, absolute."

Upon this opinion being rendered, the parties, failing to agree that the decree be opened, as suggested by Judge NIXON, suit was brought in the circuit court for the Southern district of New York, by the complainant against the same defendants, for infringement of the same patent, the bill limiting the discovery to infringements committed after the entry of the decree in New Jersey. In their answer the defendants deny the validity of the patent, and offer proof to sustain such a defense. To this part of the answer complainant filed exceptions, on the ground that the decree *pro confesso*, and the agreement accompanying the same, had determined the validity of the patent as far as the parties to this suit are concerned.

*Briesen & Steele*, for complainant.

*Frederic H. Betts*, for defendants.

COXE, J. That the decree relied on by the complainant as an estoppel is interlocutory in form is manifest. It is, on its face, called an interlocutory decree. It leaves open the question of profits, damages and costs, and orders a reference to a master. It does not put an end to the cause. An appeal from it will not lie. It is still in the control of the circuit court. It has never been modified, and no other decree has been entered. But the complainant contends that, though it may not be definitive in form, it is so in fact, for the reason that the complainant, at the time of its entry, signed a paper releasing the defendants from all claims for profits, damages, and costs. There is nothing in the record to show that this release was filed or brought to the attention of the court at the time of the entry of the decree. It is, however, alleged in the complaint, and admitted in the an-

swer, that it was signed. The complainant was, therefore, quite likely, in a position, upon exhibiting this release, to have the interlocutory decree made final, provided the opinion was not then entertained which the court expressed later, that "possibly both parties were acting under a misapprehension." The situation in this respect was as if the master, after hearing the parties, had made a report that there were no damages or profits. Upon presenting such a report, costs being waived, the court, although it might refuse to do so, would, in all probability, order a final decree for the complainant. The difficulty is that this decree, though it might have been made final, was not so made. The distinction is obvious between a final decree and a stipulation upon which such a decree may be entered. The sanction of the court, even though a formal supplement to the agreement of the parties, was necessary. In the absence of an express authority, the court should hesitate before holding that such a decree is *res judicata*. If there is a doubt, it ought to be resolved against the party who urges the estoppel. A mistake in so deciding can be hereafter corrected; whereas, if the principal defenses are stricken from the answer erroneously, the defendants will be remediless.

The exceptions are overruled.

---

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.