T. W. DARLING, Appellee, v. J. W. BLAZEK, Appellant.

**Bills and notes:** JOINT ACTION AGAINST MAKER AND INDORSER: VENUE.
1 The indorser of a note is a party to the instrument in such sense that he may be joined with the maker in an action thereon; and as the present statutes provide that an action brought against resident makers must be brought in the county where some one of them resides, a suit joining an indorser residing in another county with the maker should be brought in the county of the maker's residence.

**Rulings of court:** LAW OF THE CASE. Where the demurrer to a petition was sustained and a second demurrer was interposed to the amended pleading and overruled, the ruling on the first demurrer did not constitute the law of the case; but if there was any inconsistency in the rulings the last stands as the best judgment of the court.

**Bills and notes:** INDORSERS: DELAY IN BRINGING SUIT. When the liability of an indorser of a note has been fixed by demand and notice of nonpayment, mere delay in bringing action will

not affect such liability, especially where the delay was at the indorsers request. When notified of its dishonor it became the duty of the indorser to pay the note.

*Appeal from Cedar Rapids Superior Court.*—HON. J. H. ROTHROCK, Judge.

WEDNESDAY, MAY 5, 1909.

ACTION at law to recover upon a promissory note, made by one Rodewald to the defendant Blazek, and by him indorsed in blank. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Tom H. Milner,* for appellant.

*F. L. Anderson,* for appellee.

WEAVER, J.—1. At the commencement of this action, Rodewald, the maker of the note, was a resident of Cedar Rapids, in Linn County, Iowa, and the appellant Blazek, indorser of the note, was a resident of Tama. The action was brought against the maker and indorser jointly in the superior court of Cedar Rapids. Appellant appeared to the action, and, upon a showing of his residence in Tama County, asked that the cause be removed to the district court of that county for trial. The motion was denied, and error is assigned on the ruling. The objection here made raises two questions for consideration: First, whether maker and indorser of negotiable paper may properly be joined as defendants in an action brought to enforce its collection; and, second, if they may be joined as defendants in the same action, was the venue thereof properly laid in Linn County?

It is true, as suggested by counsel, that in the strict sense of the word, "maker" and "indorser" are not parties

to the same contract, but it has long been the rule in this

1. BILLS AND NOTES: joint action against maker and indorser: venue.

State that all parties liable upon the same negotiable instrument, whether as makers, indorsers, or guarantors, may be joined as defendants in an action wherever jurisdiction of the parties is properly acquired. See Code, sections 3043, 3465, and cases cited in the annotations thereto.

Concerning venue, the statute further provides: "Personal actions except as otherwise provided must be brought in a county in which some of the defendants actually reside. . . . in all actions upon negotiable paper except when made payable at a particular place in which any maker thereof being a resident of the State is defendant, place of trial shall be limited to a county wherein some one of such makers resides." Code, section 3501. Prior to the amendment of this provision by the enactment of the last clause thereof, it had been held that venue of a joint action could be laid in the county of the indorser's residence, although the makers were residents of another county. *Stout v. Noteman,* 30 Iowa, 414. But the law as it now stands would seem to require that an action in which the makers, if residents of this State, are sought to be impleaded as defendants, shall be brought in a county where one or more of them resides. But this provision in no manner abrogates the rule by which it is allowable to join the indorser as a defendant, even though he happens to reside in another county. In other words, Linn County, the admitted place of the maker's residence, was the only place where Rodewald could be sued on this note. It follows of necessity that plaintiff having the right, as we have seen, to join maker and indorser as defendants in the same suit, the Cedar Rapids court did not err in retaining jurisdiction of the action as to both. The exception to the general provision of Code, section 3501, is in favor of the makers of negotiable paper, and not of indorsers. Without his waiver or

consent the maker can not be drawn from the county of his residence to that of the indorser to defend an action on the paper, but the indorser may be so drawn to the county of the maker where the latter is a resident of the State.

II.   The note in suit bears date April 11, 1899, and is made payable one year after that date.   Action was begun April 26, 1907, about seven years after the maturity of

2. RULINGS OF COURT: law of the case.

the paper.   The appellant demurred to the petition because it showed lack of diligence in enforcing collection from the maker, and because it showed no sufficient demand upon the maker when the note fell due, and no sufficient notice of the dishonor of the paper given to the indorser.   The demurrer was sustained generally, after which the petition was amended alleging due demand of payment, notice to appellant, and a request by him that no suit be brought.   A demurrer was again interposed and overruled, whereupon appellant answered.   Counsel now argues that the ruling upon the first demurrer, whether right or wrong, constituted the law of the case, and that, as the amendment to the petition added no material averment thereto, he was entitled to judgment on the pleadings.   The point can not be sustained.   If there be any inconsistency between the two rulings, the last must stand as the expression of the latest and presumably the best judgment of the court.   Parties to a litigation have no vested right in the court's mistakes to prevent their correction at any time before final judgment is entered.

III.   Due demand and notice of nonpayment were put in issue by the pleadings, but the trial court found against the appellant thereon, and the finding has support in the

3. BILLS AND NOTES: indorsers: delay in bringing suit.

record.   Appellant's further plea of discharge from liability because of plaintiff's laches in bringing suit is also without merit.   It is a thoroughly well-settled doctrine that, when the liability of the indorser is once fixed by due demand and notice of non-

payment, mere delay of the holder in bringing suit on the instrument will not affect such liability. 2 Randolph's Com. Paper, section 761. This is especially true when the delay has been suffered at the indorser's request, and there is evidence in the record from which the trial court could have found such request by appellant. *Bank v. Swazey*, 47 N. H. 154. Whether a delay during which the maker becomes insolvent would afford any ground for defense by the indorser we need not consider, for there is no suggestion in evidence or argument that collection of the note could at any time have been enforced against Rodewald. It may be said, however, that, when notified of the dishonor of the note, it became at once the appellant's duty to pay it, and, if he believed the amount could be made from Rodewald the courts were open to him to try the experiment. He has not done so, and, so far as the record shows, he has suffered no detriment by the delay. If he has, the delay has been his own no less than that of the plaintiff.

We find no prejudicial error in the record, and the judgment of the superior court is *affirmed*.