Betty A. AHLS and Henry L. Ahls, Plaintiffs,

v.

SHERWOOD/DIVISION OF HARSCO CORPORATION; and Vacationland, Inc. a/k/a and d/b/a A–1 Vacationland and Cue and Cushion Sales, Inc., Defendants.

VACATIONLAND, INC. a/k/a and d/b/a A–1 Vacationland and Cue and Cushion Sales, Inc., Appellants,

v.

OPTIMUS, INCORPORATED a/k/a and d/b/a Optimus International, Optimus Thermostatique, Appellees,

and

Buck Stove Northwest, Defendant.

No. 89–1826.

Supreme Court of Iowa.

July 17, 1991.

Rehearing Denied Sept. 18, 1991.

George Lindeman and John A. Stitely of Lindeman & Yagla, Waterloo, for appellant.

John Werner and Daniel J. Hanson of Grefe & Sidney, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

LARSON, Justice.

Betty and Henry Ahls (Ahls) sued Vacationland, Inc., and Optimus, Inc., the seller and a component importer, respectively, of a heater which exploded in the Ahls home. Optimus, a nonresident corporation, was dismissed, in an order of December 23, 1987, on the ground that a lack of suffi-

cient contact with Iowa deprived the Iowa court of personal jurisdiction. Optimus, however, was brought back into the suit by Vacationland's cross-petition for contribution or indemnity filed on February 21, 1989. The cross-petition was dismissed on April 28, 1989, on the ground that the earlier dismissal for lack of sufficient contact was "the law of the case." Vacationland's request for permission to appeal this interlocutory ruling was denied by our court. Optimus was again out of the lawsuit.

The threshold issue now is whether Vacationland may, at this time, appeal the second order dismissing Optimus. We hold that it may and that the court erred in ruling that the earlier dismissal of Optimus was the law of the case.

On the day set for trial, Ahls settled with all the defendants who were still in the suit, and Vacationland settled its cross-petition against Buck Stove Northwest (not involved in this appeal). The district court on the same day, October 3, 1989, entered an order which noted the settlements and assessed a $500 late settlement penalty. *See* Iowa R.Civ.P. 181.4. The dismissal documents implementing the parties' settlements were filed on November 15, 1989. Vacationland's dismissal of its cross-petition against Buck Stove specifically reserved any rights which Vacationland had against Optimus for contribution or indemnity. As of this time, Optimus was still out of the suit.

On November 27, 1989, after the dismissals were filed, Vacationland filed a notice of appeal which stated it was appealing the order sustaining Optimus's challenge to personal jurisdiction entered on April 28, 1989. Optimus moved to dismiss on the ground that the appeal was not filed within thirty days of the court's final order. *See* Iowa R.App.P. 5(a) (Appeals "must be taken within, and not after, thirty days from the entry of the order, judgment or decree."). We ordered that Optimus's motion to dismiss be submitted with the appeal.

## I. *The Finality Issue.*

■ Ordinarily, if an appeal is filed more than thirty days after the court's final or-

der, our court has no jurisdiction, *Robco Transp., Inc. v. Ritter,* 356 N.W.2d 497, 498 (Iowa 1984), and the remedy is dismissal of the appeal. *Kunau v. Miller,* 328 N.W.2d 529, 531 (Iowa 1983).

■ A final judgment is one which conclusively adjudicates all of the rights of the parties and places it beyond the power of the court to return the parties to their original positions. *Rowen v. LeMars Mut. Ins. Co.,* 357 N.W.2d 579, 581 (Iowa 1984); *Shoemaker v. City of Muscatine,* 275 N.W.2d 206, 208 (Iowa 1979).

The order of dismissal which Vacationland seeks to appeal was not itself a final order; it was interlocutory because other parties and other issues remained in this suit. While Vacationland's application for interlocutory appeal was denied, Iowa Rule of Appellate Procedure 5(b) would ordinarily provide a means of appealing the interlocutory order at the conclusion of the case. That rule provides:

> Notwithstanding these rules, an order disposing of an action as to fewer than all of the parties to the suit, even if their interests are severable, or finally disposing of fewer than all the issues in the suit, even if the issues are severable, may be appealed within the time for an appeal from the order, judgment, or decree finally disposing of the action as to remaining parties or issues.

If applicable, this rule would allow Vacationland to appeal the earlier order dismissing Optimus, even after thirty days, provided that the appeal was taken within thirty days following the final order, judgment, or decree disposing of the remaining parties or issues. The first question is what "order," if any, was the court's final order for purposes of appellate rules 5(a) and (b).

■ Optimus contends that, if there was a "final" order for appeal purposes, it was the court's order of October 3, 1989, which recited that the parties had settled the case and assessed the late settlement penalty. According to Optimus, the order impliedly recognized that the claims would be dismissed, and because this was the last order

actually entered by the court, it must be the court's "final" order for appeal purposes. If so, it was more than thirty days before the November 27 notice of appeal, and the appeal must be dismissed.

The court's order of October 3 stated:

This case was scheduled for trial by jury commencing at 1:30 this afternoon. Thirty-two members of jury panel K reported for jury selection.

At approximately 2 p.m. counsel for the parties informed the Court that they had arrived at a settlement, including the payment of the late settlement fee and court costs.

The Court then addressed the jury panel and discharged them.

The Court now assesses a $500 late settlement fee, one-third of which shall be paid by the plaintiffs, one-third by defendant Sherwood/Division of Harsco Corporation, and one-third by defendant Vacationland, Inc. The defendants shall pay the Court costs.

Dated this 3rd day of October, 1989.

/s/ L.D. Lybbert

L.D. Lybbert
Judge, First Judicial District

While we agree with Optimus that this order anticipated that the parties would be dismissing the case, the order itself did not dismiss it. Nor did it constitute a final adjudication of the parties' rights or put it beyond the power of the court to return them to their original positions. Although this was the court's last order, it was not a final order for appeal purposes. As of the time of this October 3 order, the case had not been dismissed or otherwise disposed.

■ Vacationland argues that the November 15 filing of the dismissals by the parties was the springboard for its appeal. It is obvious that the filing of dismissals by the parties was not a final order by the court—or any kind of order. This was not an action by the court at all. The ministerial act of the clerk in filing the dismissals, moreover, cannot be considered to be an order, judgment, or decree. As an early federal case pointed out, "[t]he distinction is obvious between a final decree and a stipulation upon which such a decree may be entered. The sanction of the court, even though a formal supplement to the agreement of parties, was necessary." *Roemer v. Neumann,* 26 F. 332, 334 (C.C.S.D.N.Y.1886).

■ It appears that, while this case was fully concluded, there was no formal order which may be considered a final order for purposes of appeal. Some federal courts in these cases have adopted a concept of "pragmatic finality" for appeal purposes. *See, e.g., Brown Shoe Co. v. United States,* 370 U.S. 294, 306–07, 82 S.Ct. 1502, 1513, 8 L.Ed.2d 510, 524–25 (1962); C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3913, at 522–36 (1976) [hereinafter Wright & Miller].

In *Brown Shoe Co.,* the Supreme Court said that

[a] pragmatic approach to the question of finality has been considered essential to the achievement of the "just, speedy, and inexpensive determination of every action": the touchstones of federal practice.

370 U.S. at 306, 82 S.Ct. at 1513, 8 L.Ed.2d at 525 (footnote omitted). In finding pragmatic finality, the Court said:

We think the decree of the District Court in this case had sufficient indicia of finality for us to hold that the judgment is properly appealable at this time. We note, first, that the District Court disposed of the entire complaint filed by the Government. Every prayer for relief was passed upon.... Repetitive judicial consideration of the same question in a single suit will not occur here.

*Id.* at 308–09, 82 S.Ct. at 1514–15, 8 L.Ed.2d at 525–26; *see also Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1155–57 (3d Cir.), *cert. denied,* 481 U.S. 1070, 107 S.Ct. 2463, 95 L.Ed.2d 872 (1986). In *Fassett,* the district court had granted summary judgment in favor of all defendants but one. The plaintiffs dismissed without prejudice as to that defendant and then appealed. The court of appeals ruled that the dismissal without prejudice made the judgment final, noting that, while it was not anxious to permit parties to avoid the

finality requirement, under the circumstances of this case, the dismissed claim was "voluntarily and finally abandoned."

In *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 554 (9th Cir.1986), *cert. denied*, 484 U.S. 822–23, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987), an order granting a voluntary dismissal without prejudice as to two plaintiffs became final upon the later dismissal of the action as to the remaining plaintiffs for a lack of prosecution. The court said that "we may treat an interlocutory order as a final order when that portion of the case that remained in the district court has subsequently been terminated."

In *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 192–95 (5th Cir.1980), the parties had not filed a formal stipulation of dismissal as to one defendant; however, they had filed a representation of settlement. Because an order dismissing the remaining defendant for lack of personal jurisdiction had the effect of terminating the litigation in district court, the court of appeals held that it would be treated as a final judgment, and there was no need for formal compliance with Federal Rule of Civil Procedure 54(b).

According to one federal court, the appellant

> could easily have avoided the finality problem by simply dismissing his remaining claim and defenses without the option to pursue them should [the appellate] court reverse. A plaintiff may voluntarily dismiss the remainder of his claim(s) after a partial summary judgment has been entered against him and then appeal the partial summary judgment.

*Cheng v. Commissioner of Internal Revenue*, 878 F.2d 306, 311 (9th Cir.1989). As the *Cheng* court noted, a final judgment can "be manufactured by dismissing all of the remaining claims." *Id.* (citing Wright & Miller § 3914, at 230 (Supp.1988)).

There is, of course, some risk in the concept of pragmatic finality. As one judge has stated,

> the newly created exception to finality replaces with large elements of uncertain administration the previously certain and efficient rule of finality.... The need

for clear and easily administered rules as to the threshold adjective issue of reviewability overrides any values of flexible case-by-case administration.

*Newpark Shipbuilding & Repair, Inc. v. Roundtree*, 698 F.2d 743, 757–58 (5th Cir. 1983) (Tate, J., dissenting). The fifth circuit granted an en banc rehearing in *Newpark*, and Judge Tate's dissent became the majority decision. The appeal was dismissed for lack of finality. *Newpark Shipbuilding & Repair, Inc. v. Roundtree*, 723 F.2d 399, 407 (5th Cir.1984). For further discussion of the problems inherent in pragmatic finality, see Wright & Miller section 3913, at 523.

Although there are problems inherent in recognizing ad hoc exceptions to our finality rule, we believe the present case is uniquely suited to a finding of pragmatic finality. Fairness demands that Vacationland be given an opportunity, previously denied to it, to challenge the court's interlocutory ruling. Recognition of finality here, moreover, will not offend our policy against piecemeal appeals because there are no remaining issues to be tried or appealed.

We hold that the dismissal of all remaining claims by the parties in this case terminated the trial court proceedings and provided the necessary finality to permit an appeal. The interlocutory order of April 28, 1989, was therefore appealable within thirty days of the filing of the dismissals that finally terminated the case. Because this appeal was timely under this test, we deny Optimus's motion to dismiss the appeal.

## II. The Interlocutory Order.

Vacationland contends that the court erred in ruling that the "law of the case" barred its cross-petition against Optimus. (The court ruled that issue preclusion was not involved, and this ruling is not challenged.) Vacationland argues that the first interlocutory order entered on December 23, 1987, could not become the law of the case because it was not a final order. The interlocutory nature of this order is not questioned by Optimus.

■ An interlocutory order is not the law of the case because the court is free to change it at a later time. *See Avoca State Bank v. Merchants Mut. Bonding Co.*, 251 N.W.2d 533, 539 (Iowa 1977) ("The 'law of the case' arises only after a ruling becomes final."); *Kuiken v. Garrett*, 243 Iowa 785, 793, 51 N.W.2d 149, 154 (1952) ("[judge's prior] ruling did not become the law of the case so as to preclude either himself or another judge of the same court from changing it before final judgment"); *In re Estate of Hermence*, 235 Iowa 745, 749, 15 N.W.2d 905, 907 (1945); *Simmons v. Western Life Indem. Co.*, 171 Iowa 429, 434, 154 N.W. 166, 167 (1915) ("rulings, until recalled or set aside by the court, became the law of the case"); *Darling v. Blazek*, 142 Iowa 355, 358, 120 N.W. 961, 962 (1909).

■ The ruling of December 23, 1987, was not a final judgment and therefore did not become the law of the case. Vacation-land, therefore, is not bound by the earlier adjudication that the court lacked personal jurisdiction over Optimus. We reverse and remand for a hearing on the personal juris-diction issue. If the court finds it has personal jurisdiction, the cross-petition shall be resolved on its merits.

REVERSED AND REMANDED.