# IN THE COURT OF APPEALS OF IOWA

No. 20-0767
Filed April 14, 2021

NORTHWEST IOWA MENTAL HEALTH CENTER d/b/a SEASONS CENTER FOR BEHAVIORAL HEALTH,
    Plaintiff-Appellant,

vs.

G. WILLIAM PHELPS and APPLEWHITE DENTAL, LLC,
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Clay County, Don E. Courtney, Judge.

Northwest Iowa Mental Health Center appeals the district court order granting summary judgment in favor of G. William Phelps. **AFFIRMED.**

Jill M. Davis of Montgomery, Barry, Bovee, Steffen & Davis, Spencer, for appellant.

Matthew T.E. Early of Fitzgibbons Law Firm, L.L.C., Estherville, for appellee G. William Phelps.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**MULLINS, Presiding Judge.**

Northwest Iowa Mental Health Center, d/b/a Seasons Center for Behavioral Health (Seasons), appeals the district court order granting summary judgment in favor of G. William Phelps. Seasons argues its own motion for partial summary judgment should have been granted based upon its common law breach-of-contract claim.

Phelps is a dentist. He purchased a building in Spencer, Iowa, and a dental practice from another dentist in 1994. Phelps remodeled the building and maintained his own practice from it. In 2011, Phelps sold his practice and all of its assets to AppleWhite Dental, LLC (AppleWhite). AppleWhite then leased the building from Phelps, and he became an employee of AppleWhite. The contract for sale of Phelps's practice assets specifically included all tangible personal property "including, without limitation, inventory, supplies, equipment, machinery, computers, furniture, fixtures, devices, and instruments."

Seasons is a non-profit organization. Seasons purchased real estate adjacent to the building and approached Phelps in late 2014 to discuss purchasing the property at issue. In January 2015, Seasons entered into an option agreement with Phelps for the purchase of the building. The parties dispute whether Seasons was aware of the AppleWhite lease, which had time remaining on its term. In November 2015, Seasons provided Phelps notice that it intended to exercise its option. In September 2016, Seasons, Phelps, and AppleWhite entered into a settlement terminating AppleWhite's lease at the end of January 2017 and executing Seasons's purchase of the building at that same time. Following the purchase, Seasons took possession of the building and found the trade fixtures

were removed.  The assets removed included, among other things dental chairs, x-ray machines, lighting, speakers, and cabinets.[1]  Seasons filed suit for breach of contract based on alleged damage done to the building when the trade fixtures were removed.

The looming issue over the course of proceedings was the ownership status of the trade fixtures removed from the building.  In October 2018, Phelps filed a motion for summary judgment alleging the trade fixtures were the property of AppleWhite and removal resulted in no damages.  The district court found a question of material fact existed regarding whether the removal of the trade fixtures resulted in a breach of contract.  "If, in fact, it is found that Phelps annexed the items to the Property, under Iowa Law, those items would pass with the real estate upon conveyance.  Conversely, if the items were attached by AppleWhite, they may not pass with the realty and may be rightfully removed."  Seasons filed a motion for partial summary judgment in January 2020 alleging it was entitled to judgment as a matter of law on the breach-of-contract claim following the removal of the trade fixtures.  Phelps filed a competing motion for summary judgment the same month arguing the trade fixtures were never intended to be permanent additions to the property and the removal resulted in no damages.  The district court granted Phelps's motion in April, finding the intent of the trade fixtures was to serve the dental practice, wherever that happened to be.  Seasons appeals.

---

[1] For the purposes of this opinion, we will use the term trade fixtures to refer to all of the items removed from the building.  It is the same term used by the district court.

Phelps argues Seasons failed to preserve error on the issue because it did not resist the motion for summary judgment or file a motion pursuant to Iowa Rule of Civil Procedure 1.904(2). Phelps insists that Seasons's argument that the district court ruling is contrary to the law of the case was raised for the first time on appeal. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "The claim or issue raised does not actually need to be used as the basis for the decision to be preserved, but the record must at least reveal the court was aware of the claim or issue and litigated it." *Id.* at 540. Our review of the record reveals Seasons did make arguments related to the tests applied by courts to determine whether property has become a part of real estate, but it never argued that the April ruling on the motion for summary judgment was against the law of the case from the ruling on the 2018 motion for summary judgment. Because the law-of-the-case argument was neither raised in nor ruled on by the district court, it is not preserved. *Id.* at 537. However, we choose to address the merits of the law-of-the-case argument.

"We review a district court's grant of summary judgment for correction of errors at law." *Hedlund v. State*, 930 N.W.2d 707, 715 (Iowa 2019). We examine the record to determine "whether a genuine issue of material fact exists and whether the district court correctly applied the law." *Id.* (quoting *Pillsbury Co. v. Wells Dairy, Inc.*, 752 N.W.2d 430, 434 (Iowa 2008)). "We view the summary judgment record in a light most favorable to the nonmoving party" and provide "the nonmoving party every legitimate inference that can be reasonably deduced from

the record." *Id.* (quoting *Phillips v Covenant Clinic*, 625 N.W.2d 714, 717–18 (Iowa 2001)). "Even if the facts are undisputed, summary judgment is not proper if reasonable minds could draw different inferences from them and thereby reach different conclusions." *Id.* (quoting *Banwart v. 50th St. Sports, L.L.C.*, 910 N.W.2d 540, 544–45 (Iowa 2018)).

Seasons argues the district court's statement that, "If, in fact, it is found that Phelps annexed the items to the Property, under Iowa Law, those items would pass with the real estate upon conveyance," became the law of the case upon entry of the ruling on the October 2018 motion for summary judgment. That assertion is incorrect. "An interlocutory order is not the law of the case because the court is free to change it at a later time." *Ahls v. Sherwood/Div. of Harsco Corp.*, 473 N.W.2d 619, 624 (Iowa 1991). Furthermore, the district court applied the same law in its ruling on the October 2018 motion that it applied to the January 2020 motion. The district court did not deviate from the three-part test pronounced in *First Trust & Savings Bank of Moville, Iowa v. Guthridge*, 445 N.W.2d 401, 402 (Iowa Ct. App. 1989). In its ruling on the January 2020 motion, the district court stated that new facts had been established, namely that Phelps installed the trade fixtures. It then answered the question whether AppleWhite could "claim the fixtures as its trade fixtures and therefore remove them even though AppleWhite did not physically install them." The court applied the same law but came to a different conclusion based on the facts before it.

Seasons argues the district court erred in finding the trade fixtures removed from the building were trade fixtures that belonged to AppleWhite.

> Under common law personal property becomes a fixture when
> (1) it is actually annexed to the realty, or to something appurtenant thereto;
> (2) it is put to the same use as the realty with which it is connected; and
> (3) the party making the annexation intends to make a permanent accession to the freehold.

*Guthridge*, 445 N.W.2d at 402 (quoting *Ford v. Venard*, 340 N.W.2d 270, 271 (Iowa 1983)). Our paramount concern is "[t]he intention of the party annexing the improvement." *Ford*, 340 N.W.2d at 272. "The character of the physical attachment, whether slight or otherwise, and the use, are mainly important in determining the intention of the party making the annexation." *Speer v. Donald*, 207 N.W. 581, 582 (Iowa 1926) (quoting *Ottumwa Woolen-Mill Co. v. Hawley*, 44 Iowa 57, 63 (1876)). "Whether in a given case property attached to a building upon real estate should be deemed as a part of the real estate is, in the last analysis, a question of intention. Such intention is usually implied form all the facts appearing in the case." *Fehleisen v. Quinn*, 165 N.W. 213, 214–15 (Iowa 1917).

The district court found Phelps installed the trade fixtures and then examined whether AppleWhite could claim and remove them even though it was not the installing party. The district court engaged in a thorough discussion related to the facts of this case and how they related to Phelps's intention for the trade fixtures. We agree with the district court that Phelps's intention for installation of the trade fixtures, considering both use and character, was to support his dental practice. There is nothing in the record showing an intent that the trade fixtures become permanent additions to the building. In fact, the asset purchase of the trade fixtures by AppleWhite shows a contrary intent. AppleWhite's purchase was not affected by the fact that it did not install the trade fixtures, and having

purchased them from Phelps, it was entitled to remove them at any time. Because no genuine issue of material fact remains regarding whether the trade fixtures were permanently affixed to the property and should have remained, we agree with the district court's order granting summary judgment in favor of Phelps. *See Hedlund*, 930 N.W.2d at 715.

**AFFIRMED.**