## IN THE COURT OF APPEALS OF IOWA

No. 24-0226
Filed October 1, 2025

**DAVID HARTSUCH, MD,**
Plaintiff-Appellant,

**vs.**

**THE IOWA BOARD OF MEDICINE and THE IOWA BOARD OF PHARMACY,**
Defendants-Appellees.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge (dismissal on reconsideration), and Henry W. Latham II, Judge (summary judgment).

A physician appeals the dismissal of his petition for judicial review. **AFFIRMED.**

David L. Hartsuch, MD, Bettendorf, self-represented appellant.

Brenna Bird, Attorney General, and Katie F. Carl, Assistant Attorney General, for appellees.

Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ. Langholz, J., takes no part.

**BADDING, Judge.**

Emergency medicine physician, Dr. David Hartsuch, appeals the dismissal of his petition for judicial review naming the Iowa Board of Medicine and the Iowa Board of Pharmacy as respondents. The petition asked the district court to expunge a "Confidential Letter of Warning" issued by the board of medicine and to require both boards "to enforce Iowa laws concerning the practice of medicine and pharmacy." In a series of rulings, the court found that it lacked jurisdiction over the petition and granted the boards' motions to dismiss. Dr. Hartsuch appeals.

## I.     Background Facts and Proceedings

According to a pro-se petition filed by Dr. Hartsuch, in the weeks after the outbreak of the COVID-19 pandemic, the Iowa Boards of Pharmacy, Nursing, Dentistry, Physician Assistants, and Medicine issued a joint statement discouraging the prophylactic use of medications like hydroxychloroquine and chloroquine to treat COVID-19. The statement was prompted by concerns about "stockpiling of medication, inappropriate use and potential drug shortages for patients with a legitimate need." Dr. Hartsuch asserted that as a licensee of the boards of medicine and pharmacy, he received the joint statement by email.

In September 2020, the boards issued an updated joint statement, noting there was no longer a shortage of hydroxychloroquine and chloroquine, "which is likely due to new information and evidence indicating the medications may be unsafe or ineffective for the prevention or treatment of COVID-19." The statement did not, however, "impose any mandatory requirements on prescribers or pharmacies or create any new legal requirements." Dr. Hartsuch's petition alleged

that he asked the director of the board of medicine to email the updated joint statement to all physicians, but the director refused. Instead, it was posted online.

After the updated joint statement was issued, Dr. Hartsuch alleged that a pharmacist refused to fill a prescription that he wrote for Ivermectin to treat a patient with COVID-19. Because the updated joint statement was not emailed to licensees, Dr. Hartsuch believed that "most Iowa physicians and pharmacists [were] unaware that it was permissible to use . . . 'off-label' drugs to treat COVID-19." So Dr. Hartsuch called the pharmacist to discuss the issue. Their conversation led to a board of medicine complaint against Dr. Hartsuch.

The board of medicine concluded its investigation in October 2022 with a confidential letter of warning to Dr. Hartsuch, which stated:

> [T]he Board has voted to close this complaint and issue this confidential Letter of Warning, which is a private communication between you and the Board. Please note that this confidential letter does not constitute a formal disciplinary action, nor is it a public record.
> In its review of this complaint, the Board reviewed information pertaining to phone calls between you and a pharmacist and you and a pharmacist store manager. This information indicated that you inappropriately raised your voice during these phone calls.
> The Board has a strong interest in promoting professional and courteous interactions between physicians and other healthcare professionals in the community and expects physicians to treat others with respect and dignity, even when there are differing opinions. While the Board has chosen not to initiate formal disciplinary action in this matter at this time, please note that any professional misconduct in the future may be grounds for disciplinary action against your Iowa medical license.
> This confidential Letter of Warning will be maintained as part of your confidential investigative file. However, this in no way relieves you of your responsibility to provide truthful and accurate answers if asked about the nature and/or outcome of this investigation by another licensing authority, insurer, health care facility/organization or other third party.

In December, Dr. Hartsuch filed a "petition for injunctive relief" alleging the Iowa Boards of Medicine and Pharmacy "have taken joint and separate actions to discourage Plaintiffs patients from receiving certain lawful prescription drugs in order to treat COVID-19." Invoking the district court's jurisdiction under Iowa Code section 17A.19, he asked the court to

> expunge the Plaintiff's record and close his case without prejudice, enjoin the Boards from releasing information about this case including the "Warning," require that the Boards inform all licensees by email of the Boards' Revised Joint Statement dated Sept. 11, 2020, enjoin the Boards from engaging in investigations against the Plaintiff or other licensees without a proper investigational predicate, require that the Iowa Board of Pharmacy equally enforce the provisions of Iowa Pharmacy Board Rule Sec. 657 8.11(3) regarding discrimination based on disease state, and such further relief as this honorable Court deems just and equitable in the premises.

Both boards moved to dismiss the petition, which they construed as a petition for judicial review. Among other deficiencies, the board of medicine asserted that the letter was not subject to judicial review. *See* Iowa Code § 272C.3(1)(d) (2022) ("Notwithstanding the provisions of chapter 17A, a determination by a licensing board . . . that an investigation should be closed without initiating a disciplinary proceeding is not subject to judicial review pursuant to section 17A.19."). The district court denied the board of medicine's motion, finding the letter "may amount to a 'de facto'" disciplinary action. The court relied on *Irland v. Iowa Board of Medicine*, which held that when a licensing board's "letter actually imposes discipline, section 272C.3(1)(d) does not apply to preclude judicial review." 939 N.W.2d 85, 91 (Iowa 2020). As for the board of pharmacy's motion to dismiss, the court agreed that it should be dismissed from the "expungement action" because the letter was issued by the board of medicine. But

the court denied the board of pharmacy's motion as to Dr. Hartsuch's claim that it failed to provide "sufficient notice to its pharmacists concerning the revised joint statement regarding hydroxychloroquine."

In July 2023, the board of medicine voted to rescind its letter of warning. It then reprised its argument for dismissal in a motion to reconsider, contending that the warning letter to Dr. Hartsuch was distinguishable from the one in *Irland*.[1] The board also argued that because the letter had been rescinded, there was no longer any agency action for the district court to review. The court agreed with the board in an October ruling, finding:

> The Court has limited capacity to review agency decisions. The letter in this case, unladen with the conditional language that motivated the *Irland* decision, is merely a warning letter, which the Court lacks jurisdiction to review. And, even if it is not a mere warning letter, [the board of medicine] has already rescinded the letter, meaning that there is no further relief that the Court can grant.

Dr. Hartsuch asked the district court to reconsider its ruling, arguing that his petition challenged not just the letter of warning but also the "[j]oint and separate actions of [t]he Defendant Boards [as] an ongoing violation of the First and 14th Amendments and other rights of the Plaintiff and his patients." The court denied the motion in December, finding "there is no final agency action" and explaining a "[b]are assertion of constitutional rights is not enough to overcome the lack of jurisdiction."

---

[1] The letter in *Irland* required the physician to undergo a competency evaluation if he returned to the practice of medicine, which the court found "effectively imposed conditional discipline without formal action or a finding of probable cause." 939 N.W.2d at 91.

Dr. Hartsuch continued filing motions after this ruling, including a motion for summary judgment in January 2024, which alleged:

> There now still remains one count which meets the Court's criteria and may rightly be adjudicated under Iowa Code 17[A].19 as a final administrative action without the statutory limitations imposed by Iowa Code § 272C—that the Court order the Defendant Boards to email the Boards' "Revised Joint Statement" dated September 11, 2020 to all licensees.

The court denied this motion as well, reasoning in part that if Dr. Hartsuch "intended to challenge the Boards' decision making process, . . . he must present that argument to the Boards before the Court can weigh in." This appeal followed.

## II.     Standard of Review

"We review a district court's dismissal of a petition for judicial review for correction of errors at law." *Irland*, 939 N.W.2d at 89.

## III.     Timeliness of Appeal

Before we can reach the merits of Dr. Hartsuch's appeal, we must first address the boards' argument that it should be dismissed as untimely. "The rules governing the 'time for appeal are mandatory and jurisdictional.'" *Brendeland v. Iowa Dep't of Transp.*, 14 N.W.3d 135, 142 (Iowa 2024) (citation omitted). "Failure to file a timely notice of appeal leaves us without subject matter jurisdiction to hear the appeal." *Id.* (citation omitted).

Iowa Rule of Appellate Procedure 6.101(1)(b) provides that a "notice of appeal must be filed within 30 days after the filing of the final order or judgment." But if "a motion is timely filed under Iowa Rule of Civil Procedure 1.904(2) or 1.1007, the notice of appeal must be filed within 30 days after the filing of the ruling on such motion." Iowa R. App. P. 6.101(1)(b). The boards contend that the "final

order or judgment" was the district court's ruling on Dr. Hartsuch's motion to reconsider in December 2023, which it asserts "finally disposed of all claims in the case." We disagree.

"A final judgment is one which conclusively adjudicates *all* of the rights of the parties and places it beyond the power of the court to return the parties to their original positions." *Ahls v. Sherwood/Div. of Harsco Corp.*, 473 N.W.2d 619, 621 (Iowa 1991) (emphasis added). The district court's October order finding no jurisdiction to review the letter of warning left some uncertainty as to what, if anything, remained of Dr. Hartsuch's case. Neither that ruling nor the December order on Dr. Hartsuch's motion to reconsider expressly dismissed the petition. *See id.* at 622 (finding an order that anticipated dismissal but did not itself order dismissal "was not a final order for appeal purposes"). So, in January 2024, Dr. Hartsuch filed his motion for summary judgment asserting that his request for relief regarding the updated joint statement was still pending. The court addressed and rejected that claim in its ruling on January 8, and Dr. Hartsuch timely filed a notice of appeal from that ruling on February 6.

Under these circumstances, we agree with Dr. Hartsuch that judgment was not final until January 8. We accordingly conclude that we have jurisdiction over this appeal.

## IV. Merits of Appeal

Dr. Hartsuch raises three arguments challenging the dismissal of his petition for judicial review. First, he asserts the district court "ignored the gravamen" of his case—namely, that the boards' "ongoing actions" have chilled "free speech concerning COVID-19 and the early treatment of COVID-19"—which

he contends the district court had jurisdiction to review under Iowa Code section 17A.19(10)(a) and (b). Second, Dr. Hartsuch asserts that the determination of physicians' and patients' constitutional rights is "uniquely within the jurisdiction of the judicial branch," not state licensing boards. Third, Dr. Hartsuch argues the board of medicine's rescission of the letter of warning is reviewable under an "exception to the mootness doctrine" for "voluntary cessation capable of repetition . . . yet evading judicial review."

The problem with Dr. Hartsuch's first two arguments is his lack of specificity. Section 17A.19 provides a right to appeal final agency actions to the district court. *Irland*, 939 N.W.2d at 94. It is not a vehicle to obtain original relief for any agency-related grievance. *See Black v. Univ. of Iowa*, 362 N.W.2d 459, 462 (Iowa 1985) (stating that "in judicial review proceedings the district court exercises only appellate jurisdiction and has 'no original authority to declare the rights of parties'" (citation omitted)). Dr. Hartsuch claims his petition challenged unconstitutional conduct "unrelated [to] the investigation," but we are left wondering just what agency action he thinks the court errantly declined to review. Assuming he means the board of medicine's refusal to disseminate the updated joint statement, Dr. Hartsuch does not explain why that decision was reviewable under section 17A.19 or why the district court was wrong to find he failed to exhaust his remedies. *See IES Utils. Inc. v. Iowa Dep't of Revenue & Fin.*, 545 N.W.2d 536, 539 (Iowa 1996) ("Exhaustion of adequate administrative remedies is generally required prior to permitting a party to seek relief via judicial review in district court."). We will not piece through the record or Dr. Hartsuch's brief to advance arguments he did not make. *Venckus v. City of Iowa City*, 930 N.W.2d 792, 806

(Iowa 2019) ("Judges are not like pigs, hunting for meritorious truffles buried in the record." (cleaned up)).

Dr. Hartsuch's last claim of error fails because the district court did not dismiss the petition on mootness grounds. While the court noted that relief was unavailable to Dr. Hartsuch following the recission of his letter of warning, it dismissed his challenge to the letter because judicial review was foreclosed by Iowa Code section 272C.3(1)(d). Dr. Hartsuch does not contest the merits of that decision on appeal.

For these reasons, we affirm the district court's dismissal of Dr. Hartsuch's petition.

**AFFIRMED.**

Ahlers, P.J., concurs; Buller, J., dissenting in part.

**BULLER, Judge (dissenting in part).**

If the merits were properly before us, I would join the majority opinion in full. But I doubt this appeal was timely taken and therefore dissent in part.

In October 2023, the district court granted a motion to reconsider and enlarge findings, concluding as to the reprimand letter: "The letter in this case . . . is merely a warning letter, which the Court lacks jurisdiction to review. And, even if it's not a mere warning letter, [the Board of Medicine] has already rescinded the letter, meaning that there is no further relief that the Court can grant." And again in December, in response to Hartsuch's motion to reconsider the October ruling, the district court concluded: "The board's rescission of its reprimand letter spells the end of this Court's jurisdiction—there is no further relief that the Court can grant." This, to me, is a final order on the jurisdiction question. And I think that's confirmed by the language in a subsequent January order prompted by Hartsuch's filings, when the court clarified "nothing ha[d] changed, [and] the case [was] beyond the Court's jurisdiction.

In my view, Hartsuch's failure to timely appeal the December ruling deprives us of appellate jurisdiction, and we should dismiss the appeal. *See Root v. Tooney*, 841 N.W.2d 83, 87 (Iowa 2013); *Boughton v. McAllister*, 576 N.W.2d 94, 96 (Iowa 1998) ("A party should not be able to extend the time for appeal indefinitely by filing successive motions that address the same issue, even if the party is able to articulate a new argument in support of her position."). I therefore dissent from the majority's decision to reach the merits.