In re the MARRIAGE OF Judith Marlene MANTZ and Clinton Homer Mantz. Upon the Petition of Judith Marlene MANTZ, Appellee, and concerning Clinton Homer MANTZ, Appellant,

Appeal of Ruth MANTZ.

No. 60870.

Supreme Court of Iowa.

June 28, 1978.

William H. Joy, of Joy, Poffenberger & Joy, Perry, for appellants.

L. W. Courter, of Doran, Doran & Courter, Boone, for appellee.

Considered by MOORE, C. J., and MASON,[*] REES, UHLENHOPP and REYNOLDSON, JJ.

MOORE, Chief Justice.

Respondent-father appeals from supplemental dissolution of marriage decree entered on his petition for more specific provisions for his visitations with the parties' two minor daughters. The paternal grandmother appeals from related order denying specific grandparent visitations.

Respondent-father asserts the trial court erred in modifying the decree by eliminating one of his periods of visitation each month, refusing to grant specific grandmother visitations and otherwise allowing the conditions of visitation to remain the same.

At the outset we must determine whether we have jurisdiction to entertain this appeal. Respondent failed to file his notice of appeal with the district court clerk within 30 days. Rules 5 and 6, Rules of Appellate Procedure. Rule 5(a) provides in relevant part:

"Appeals to the Supreme Court must be taken within, and not after, thirty days from the entry of the order, judgment or decree, unless a motion for new trial or judgment notwithstanding the verdict as provided in rule 247, Rules of Civil Procedure, or a motion as provided in rule 179(b), Rules of Civil Procedure, is filed, and then within thirty days after the entry of the ruling on such motion; * * *."

Rule 6(a) provides:

* Serving after June 14, 1978 by special assignment.

"An appeal other than those allowed by order under rule 2 or rule 5, Rules of Appellate Procedure, is taken and perfected by filing a notice with the clerk of the court where the order, judgment or decree was entered, signed by appellant or his attorney. It shall specify the parties taking the appeal and the decree, judgment, order or part thereof appealed from. The appellant shall serve a copy of the notice on each other party or his counsel in the manner prescribed in rule 82(b), Rules of Civil Procedure. The notice presented to the clerk of the trial court for filing shall be accompanied by a proof of service in the form prescribed in rule 82(g), Rules of Civil Procedure. Promptly after filing the notice of appeal with the clerk of the trial court appellant shall mail or deliver to the clerk of the supreme court a copy of such notice for his information."

Rules 2 and 5, Rules of Appellate Procedure, as they relate to appeals from interlocutory orders, have no application here.

The trial court's order overruling respondent's motion to reconsider, motion for new trial and motion for judgment notwithstanding the verdict was filed on June 6, 1977. Appellant's counsel served notice of appeal on petitioner and her counsel on July 1, 1977. That same day the notice was mailed to the Boone County District Clerk for filing. However, the notice of appeal was not actually filed in district court until July 8, 1977.

We ordered that the question of our jurisdiction which these facts present be submitted with the appeal.

As these events transpired after July 1, 1977 our rules of appellate procedure are applicable. Rule 702, Rules of Appellate Procedure.

■ Although this is our first occasion to interpret the operation of these rules, we are guided by well-settled principles. It is axiomatic that compliance with our rules relating to time for appeal are mandatory and jurisdictional. *Lundberg v. Lundberg,* Iowa, 169 N.W.2d 815, 817; *Brooks v. En-*

*gel,* Iowa, 159 N.W.2d 438, 440; *Sandler v. Pomerantz,* 257 Iowa 163, 165, 131 N.W.2d 814, 816. Where an appellant is late in filing, by as little as one day, we are without jurisdiction to consider the appeal. *Zick v. Haugh,* Iowa, 165 N.W.2d 836.

■ Recently in *Cook v. City of Council Bluffs,* Iowa, 264 N.W.2d 784 we held rule 82(d), Rules of Civil Procedure, ameliorated the oft-times harsh result of timeliness requirements under rules of civil procedure 335, 336(a). Rule 82(d) provides:

"All papers after the petition required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter. *Whenever these rules* require a filing within a certain time said filing shall be deemed timely if service· is made within said time and filing is completed within a reasonable time thereafter." (Emphasis supplied).

Appellant urges rule 82(d) R.C.P. is equally applicable to the present case. We disagree.

In *Cook*, after granting relief under rule 82(d), we stated:

"We note that a contrary result would be required under the language of present rules 5 and 6 of the Rules of Appellate Procedure." 264 N.W.2d at 787.

The reasoning underlying this distinction is that rule 82(d) specifically refers to "these rules", meaning the rules of civil procedure. We do not believe it can be stretched to include the rules of appellate procedure which were not even in existence at the time rule 82(d) was adopted in 1974.

We are without jurisdiction to entertain the issues raised on this appeal. We dismiss it with costs taxed to respondent.

APPEAL DISMISSED.