Gary L. LAU and Ruth A. Lau,
Appellants,

v.

CITY OF OELWEIN, Appellee.

No. 69021.

Supreme Court of Iowa.

July 20, 1983.

Robert J. Hearity of O'Brien Law Firm, P.C., Oelwein, for appellants.

Robin G. Formaker, Asst. City Atty. of Oelwein, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

SCHULTZ, Justice.

We are asked to decide when the time period allowed for the taking of an appeal from a judgment rendered by a magistrate in a small claims action commences. Iowa Code section 631.13(1) provides that "a written notice of appeal must be filed with the clerk within ten days after judgment is rendered." As the term "rendered" is not defined in chapter 631, we must ascertain when it is that a small claims judgment is rendered.

The facts are undisputed. Gary L. Lau and Ruth A. Lau commenced a tort action against the city of Oelwein in small claims division of district court. Trial was held on July 21, 1982, and at the conclusion of the hearing the magistrate took the case under advisement. On Saturday, July 24, the magistrate ruled in favor of the defendant and signed the judgment entry on the face of the original notice. The entry was filed in the clerk of court's office in West Union on July 26 and copies were mailed to each attorney that day.

Notice of appeal was filed and the docket fee was paid by the plaintiff on August 4. Thus the appeal was taken nine days after the filing of the judgment entry and eleven days after that entry was signed. Defendant moved to dismiss the appeal on the ground that it had not been filed within ten days of rendition of judgment as required by section 631.13(1). Defendant argued

that the date of rendition of the judgment was the date of signing, while the plaintiffs contended that the relevant date was the date of filing. The district court agreed with the defendant and dismissed the appeal. We granted plaintiffs' application for discretionary review. Iowa Code § 631.16 (1983). We reverse and remand.

It is an elementary rule of statutory construction that our goal is to ascertain legislative intent. *Hansen v. State,* 298 N.W.2d 263, 265 (Iowa 1980). In doing so we consider not only the language used in the statute, but also the objects sought to be accomplished. We may place a reasonable construction on the statute which will best effect its purpose rather than one which will defeat it. *Id.* Thus, we must consider the spirit of the statute as well as its language. *Id.*

We examined the legislative scheme for small claims procedure in *Barnes Beauty College v. McCoy,* 279 N.W.2d 258 (Iowa 1979), and in so doing we defined the legislative purposes of chapter 631. 279 N.W.2d at 259–60. While we find it unnecessary to repeat those purposes here, we reiterate that the legislature intended to provide a simple, informal, and inexpensive procedure for the trial of a small claim in a trial conducted by the court itself without regard to technicalities of procedure. *Id.* Where a procedure is prescribed for review, however, it must be strictly followed in order to confer jurisdiction. *Id.* at 260. Whether an appeal is timely made is a jurisdictional question. *Lutz v. Iowa Swine Exports, Corp.,* 300 N.W.2d 109, 110 (Iowa 1981).

Keeping in mind the purposes of the small claims act, we now examine the parties' contentions. Defendant contends that "rendered" is not synonymous and interchangeable with the words "entered or filed". We agree that generally the judicial act of rendering judgment occurs when it is publicly announced or reduced to written form, while the term "entry of judgment"

refers to the ministerial act of filing the judgment as a part of the court record. *Moreno v. Vietor,* 261 Iowa 806, 810, 156 N.W.2d 305, 307 (1968). Despite this distinction, however, we cannot agree that the term "rendered" as used in section 631.13(1) cannot be interpreted to mean the date the judgment was filed. Defendant's proposed construction is based on a literal interpretation of the word "rendered" and is too limited and narrow.

◼ We conclude that in enacting section 631.13(1) the legislature intended to commence the appeals period at the time the judgment became effective, which is when it is final and has legal consequence. The rules of civil procedure provide that a judgment entered by a judge after submission becomes "effective when filed with the clerk regardless of where signed." Iowa R.Civ.P. 120. Except where expressly provided otherwise, the rules of civil procedure govern the practice and procedure in all courts of the state. Iowa R.Civ.P. 1. Although chapter 631 provides several methods by which judgment may be entered, *see, e.g.,* section 631.5(7) (default judgment may be rendered by the clerk), it does not expressly provide at what time judgment is effective. Thus, the rendition of judgment is effective when the judgment entry is filed by the clerk as in other courts of the state. We conclude that the legislature intended that the period for an appeal from a judgment in a small claims case would commence on the date the judgment is made final by being properly entered.

Earlier statements of this court in regard to the time of rendition of judgment support our conclusion. A statute that provided a lien from the date of the rendition of judgment was interpreted in *Callanan v. Votruba,* 104 Iowa 672, 74 N.W. 13 (1898), to mean that the judgment was not rendered until read on the records of the court. There we stated: "If the record is the only proof of a judgment, as has been repeatedly held by this court, then how can a judgment be said to have been rendered before spread on the records, when its very existence prior or to that time cannot be established?" 104 Iowa at 675, 74 N.W. at 14. In *Kennedy v. Citizens' National Bank,* 119 Iowa 123, 93 N.W. 71 (1903), we held we had jurisdiction to entertain an appeal on a judgment that was entered in the judgment docket but not the record book. We said "while in one sense a judgment is 'rendered' when it is announced by the judge, yet until that judgment is entered of record there is no competent evidence of such rendition. It cannot exist or be dependent upon the memory of the officers of the court or in memoranda not embraced in the record which the law provides shall be made." 119 Iowa at 125, 93 N.W. at 71. On review of a motion for new trial that was required to be filed within five days after a trial court decision was rendered, this court in *Egy v. Winterset Motor Co.,* 231 Iowa 680, 2 N.W.2d 93 (1942), stated that the time period "does not commence to run until the formal judgment has been prepared and entered." 231 Iowa at 687, 2 N.W.2d at 97. We also held that an appeal taken on a verdict before it was entered of record was premature. *Puckett v. Gunther,* 137 Iowa 647, 649, 114 N.W. 34, 36 (1907). There we stated "[f]or many purposes the judgment when entered relates back to the time of its announcement, but for the purpose of appeal a judgment has no validity until actually entered of record, and in determining whether the appeal was premature or too late that actual date of entry must be considered." 137 Iowa at 649–50, 114 N.W. at 35.

In arriving at this decision we are aware that an oral notice of appeal may be taken prior to the entry of judgment. As noted earlier the legislature intended that small claims procedures be informal and simple. Although we hold that the effective date of the judgment is the date it is entered on the record, we deem that the legislature by its provision for the appeal prior to that time merely intended that oral appeals be held in abeyance and become effective when the judgment is recorded.

The appeal was taken within ten days of the filing of the judgment. It should not have been dismissed.

REVERSED AND REMANDED.