# IN THE SUPREME COURT OF IOWA

No. 14–1317

Filed December 11, 2015

CONCERNED CITIZENS OF SOUTHEAST POLK SCHOOL DISTRICT and **JESSMAN SMITH,**

    Appellants,

vs.

**CITY DEVELOPMENT BOARD OF THE STATE OF IOWA,**

    Appellee,

and

CITY OF PLEASANT HILL, IOWA,
    Intervenor.

---

Appeal from the Iowa District Court for Polk County, Dennis J. Stovall, Judge.

A challenge to the timeliness of appeal from an order by the district court affirming annexation of land by a city. **APPEAL DISMISSED.**

Gary D. Dickey of Dickey & Campbell Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Matthew Oetker, Assistant Attorney General, for appellee.

**CADY, Chief Justice.**

In this appeal, we must decide if the time to file a notice of appeal in an electronically filed case begins on the day the notice of filing is electronically transmitted or the day the court order from which the appeal is taken has been electronically filed. We conclude the notice of appeal from a final judgment or order of the district court must be filed within thirty days of the date the judgment or order was electronically filed, not the date of the notice of filing. We conclude the notice of appeal filed in this case was untimely. Consequently, we have no jurisdiction to consider the case and dismiss the appeal.

## I. Background Facts and Proceedings.

Jessman Smith and a citizens group named Concerned Citizens of Southeast Polk School District (collectively referred to as Concerned Citizens) petitioned for judicial review of an agency action in district court. Concerned Citizens sought review of a decision by the City Development Board. The Board approved the annexation of land near Southeast Polk High School by the City of Pleasant Hill. The City annexed the land to pursue the development of an industrial warehouse. The City intervened in the proceedings.

The district court affirmed the Board's decision. It electronically filed a written ruling with the clerk of court through the Electronic Document Management System (EDMS) of the Iowa court system on July 11, 2014. An electronic filing stamp was placed on the ruling. The filing stamp read: "E-FILED 2014 JUL 11 2:45 PM POLK - CLERK OF DISTRICT COURT." On July 15, the electronic filing system transmitted a notice of filing. This was done after the clerk of court approved the filing, including the persons or entities designated to receive the notice. The notice was transmitted to the registered user account of each

attorney representing the parties, as well as the attorney representing the intervenor. The transmitted notice stated across the top in red letters "*****IMPORTANT NOTICE – READ THIS INFORMATION ***** NOTICE OF ELECTRONIC FILING OR PRESENTATION [NEF]." The notice clearly conveyed in a table format the case number, the judge, the official time stamp, the court, case title, what document had been submitted, and a designation of filed by or in behalf of. In this particular case, the notice clearly identified the time of filing: "**Official File Stamp:** 07-11-2014:14:45:38."

On August 12, Concerned Citizens filed a notice of appeal from the district court decision. It also filed a motion for extension of time to appeal. On August 18, the Board filed a motion to dismiss the appeal as untimely filed. It also filed a resistance to the motion for extension. We denied the motion for extension of time to appeal and ordered the parties brief and submit the motion to dismiss as an issue on appeal.

On appeal, Concerned Citizens claims the annexation was improper because the application was not entitled to a statutory presumption of validity and the Board refused to consider the effects of the proposed land use on the affected area. It also argues the appeal was timely filed because the time to file an appeal from the decision of the district court did not begin to run under the electronic filing process until the notice of filing was transmitted to the parties.

We conclude the appeal was not timely filed. We dismiss the appeal and do not review the other issues raised.

**II. Motion to Dismiss Appeal.**

When Iowa established its court system over 165 years ago, it created a clerk of court to keep all original papers filed in all court proceedings. *See* Iowa Code §§ 1560–1561 (1851) (providing all supreme

court opinions and dissents must be written and filed with the clerk of court); *id.* § 1565 (providing each clerk of the supreme court "must keep a complete register of all proceedings of the court"); *id.* § 1577 (requiring each district court clerk "keep a record of the proceedings of the court"). Today, the clerk of court remains the depository of court records, but the means of transacting business in the courts has changed. *See* Iowa Code § 602.8104(2) (2013) (specifying the record books the clerk shall keep). In recent years, the Iowa court system has been transitioning into an electronic process in which paper is no longer the medium used to file documents and communications in court proceedings. The electronic transition began in 2009 and was completed statewide in June 2015. Polk County transitioned from paper to electronic transactions in civil cases in February 2013. As a result, all documents in this case have been electronically filed.

The change to electronic transmission of documents in the Iowa court system has been accompanied by new rules to govern the new process. Interim rules pertaining to the use of electronic filing were adopted in January 2007 and have been periodically revised to incorporate recommendations from court users and advisory groups. These interim rules continue to govern the electronic process today and remain the governing rules pending adoption of final rules. Generally, the electronic filing rules sought to continue the court practices that governed paper filing, not to change them. *See* Interim Iowa Ct. R. 16.308, http://www.iowacourts.gov("eFiling" tab; then "overview"; then "Chapter 16, Iowa Court Rules") (last visited Dec. 4, 2015) (indicating an electronic filing has the same force and effect as filings time stamped in a nonelectronic manner once it receives an electronic file stamp).

Our rules of appellate procedure require a notice of appeal to "be filed within 30 days after the filing of the final order or judgment." Iowa R. App. P. 6.101(1)(*b*). This rule captures the long-standing practice in Iowa and remains the rule today. Consequently, the period of time to appeal a judgment, order, or decree in Iowa commences on the date it was properly entered with the clerk of court. *Lau v. City of Oelwein*, 336 N.W.2d 202, 204 (Iowa 1983) (holding the period of appeal from a small claims case "would commence on the date the judgment is made final by being properly entered").

Once a judgment, order, or decree is properly entered with the clerk, our rules have also historically required the clerk to "promptly mail or deliver notice of such entry, or copy thereof, to each party appearing, or to one of the party's attorneys." Iowa R. Civ. P. 1.453. This process is consistent with the concomitant requirement for the clerk to "immediately" serve notice of the entry of an order or judgment upon each unrepresented party and the attorney representing a party, together with a certificate of service. *Id.* rs. 1.442(6)–(7), .443(2). These rules have worked together to provide prompt notice of the filing of a judgment or order and support the use of the filing date as a firm and clear point to commence the thirty-day period to appeal. *Id.* r. 1.443(2). Additionally, the rules have sought to ensure that the thirty-day time period would not be shortened by certain events that could occur after the time period commences to run. If the final date of the thirty-day time period lands on a weekend, legal holiday, or any other time when the office of the clerk of court is closed by court order, the deadline extends to include the next day the office is open. Iowa Code § 4.1(34); *Root v. Toney*, 841 N.W.2d 83, 89–90 (Iowa 2013).

The rules governing the " 'time for appeal are mandatory and jurisdictional.' " *Root*, 841 N.W.2d at 87 (quoting *In re Marriage of Mantz*, 266 N.W.2d 758, 759 (Iowa 1978)). If a deadline is missed, even by a single day, the court has no jurisdiction to hear the appeal. *Mantz*, 266 N.W.2d at 759. An appeal taken after the deadline must normally be dismissed. *Ahls v. Sherwood/Div. of Harsco Corp.*, 473 N.W.2d 619, 621 (Iowa 1991). We may extend the time to file a notice of appeal only if the clerk of court failed to notify a party of the filing of the final order or judgment. Iowa R. App. P. 6.101(5).

Concerned Citizens does not argue that the electronic filing rules have changed our venerable appellate rule that begins the time to file an appeal on the day the court ruling is filed. However, the interim rules define the phrase "electronic filing" as "the electronic transmission of a document to the electronic document management system together with the production and transmission of a notice of electronic filing." Interim Iowa Ct. R. 16.201. Similarly, they declare that "[t]he electronic transmission of a document to the electronic document management system consistent with the procedures specified in these rules, together with the production and transmission of a notice of electronic filing constitutes filing of the document." *Id.* r. 16.307(2).

Concerned Citizens seizes on the meaning of the term "electronic filing" under interim rule 16.201 to support its claim that the appeal in this case was timely because the filing of the court ruling was not complete under the electronic rules until the notice of filing was transmitted. It also relies on rule 16.307(2) pertaining to the acts that constitute the filing of an electronic document. Because the concept of filing now includes the production and transmission of the notice of electronic filing, Concerned Citizens argues that the act of filing a court

order under the new electronic filing system only begins with the act of electronically transmitting the document to the EDMS, but filing is not complete until the notice of filing is transmitted. Thus, it asserts that the time period to file an appeal from a court order does not commence until the notice of filing has been transmitted. Concerned Citizens further claims that the concept of fundamental fairness is better served when the thirty-day time period to appeal a court order commences from the time the parties are notified of that order. It points out that this starting point assures all parties actually receive a full thirty days to pursue an appeal.

In the paper world, the act of filing a court order and the notification by the clerk of the filing of that order were separate events, but events that went hand-in-hand. *See* Iowa R. Civ. P. 1.442(6). In the electronic world, the association between the filing and the notice is continued, as revealed by the incorporation of the notice-of-filing concept into the definition of "electronic filing." *See* Interim Iowa Ct. R. 16.201. The difference now is that the EDMS generates the time stamp and transmits the notices of filing, tasks formerly done by the clerk of court. With these changes, it is understandable that the meaning of electronic filing would expand to include the electronic transmittal of the notice of filing. However, electronic filing still consists of two identifiable processes of filing and notification, and this approach does not preclude the rules governing appeals from continuing to use only the first step to begin the time to appeal. Additionally, the expanded meaning of "electronic filing" under the interim rules does not itself change the time when a court order is filed. It only gives two events a common meaning. Generally, a new version of a rule does not presume to change long-standing legal principles unless that intention is clear and inescapable.

*See Hines v. Ill. Cent. Gulf R.R.*, 330 N.W.2d 284, 289 (Iowa 1983) (applying this rule of construction to a statute).

Further, the rule governing the date and time of electronic filing provides:

> The notice of electronic filing will record the date and time of the filing of the document in local time for the State of Iowa. This will be the official filing date and time of the document regardless of when the filer actually transmitted the document.

Interim Iowa Ct. R. 16.311(1)(*a*). Thus, the last sentence of interim rule 16.311(1)(*a*) identifies an "official filing date." This is a date that needs to be clear and unmistakable in the law so that all litigants and attorneys know the parameters of the jurisdictional time period to pursue an appeal. However, the sentence ostensibly creates confusion by using the pronoun "this" at the beginning of the sentencing without further identifying what subject the pronoun describes. The sentence does not specifically identify whether the pronoun "this" refers to the "notice of electronic filing" in the preceding sentence or the "date and time of the filing" identified in the notice of electronic filing. *See id.* Nevertheless, considering the previous sentence, the paragraph as a whole, and the relevant companion rules, the word "this" necessarily refers to the date and time recorded in the notice of electronic filing. Under the electronic rules, each order filed in the system receives an electronic filing stamp. *Id.* r. 16.308. This stamp identifies the date and time the order was filed, and it must be visible when the document is printed and viewed online. *Id.* Without the electronic filing stamp, a document is not officially filed. *Id.* These rules, and others, all reveal that the process of electronic filing for the purposes of identifying the date of filing is geared to the filing of the order, not the date of the notice of filing. Additionally, the rules

provide that the force and effect of an electronically file-stamped order is the same as documents time stamped in a nonelectronic manner. *Id.*

It is also instructive to observe that our legislature, in defining the duties of the clerk of the district court, has declared a pleading is "considered filed when the clerk entered the date the pleading was received on the pleading." Iowa Code § 602.8102(9) (2013). This statute is contrary to the former law that "no pleading of any description shall be considered as filed . . . until the said memorandum [in the appearance docket] is made." Iowa Code § 606.11 (1971); *see also Wilson v. Wright*, 189 N.W.2d 531, 532 (Iowa 1971) (discussing the effect of a recent amendment to Iowa Code section 606.11 on the beginning of the appeal period). Now, even though the clerk is required to separately enter a memorandum of the filing in the appearance docket, a pleading is treated under the law as filed when received as noted on the pleading. Iowa Code § 602.8102(9) (2013). In other words, the electronic system now performs some of the tasks formerly performed by the clerk. In substituting EDMS for the clerk, the statute now logically means that pleadings are "considered filed when the [EDMS] enter[s] the date the pleading was received on the pleading." *See id.* Here, this date was July 11, 2014. This statutory declaration is analogous to court orders, and we strive to interpret our rules of procedure consistent with the governing statutes. *See Root*, 841 N.W.2d at 89–90 (examining the interplay of rules of procedure and related legislative enactments). Thus, we conclude that rule 16.308 must be interpreted to mean the official filing date of a document is the date it is filed, not the date of the notice of filing.

We observe that the interpretation urged by Concerned Citizens would create an unwanted moving target. The time to appeal a court

order could change from case to case depending on the date the clerk of court completed a review of the filed order before prompting the system to transmit the notice of filing. *See* Interim Iowa Ct. R. 16.301(2) (indicating the clerk of court is responsible for receiving case filings into the EDMS by electronic transmission). The interpretation by Concerned Citizens could also create confusion. It would mean the filing date recorded on the order and identified in the notice of filing would not necessarily be the filing date to commence the time to appeal. As in the interpretation of statutes, the interpretation given to a rule should consider how workable it will be in practice. *See Janson v. Fulton*, 162 N.W.2d 438, 443 (Iowa 1968) ("[A] statute should be given a sensible, practical, workable, and logical construction.").

Finally, we emphasize that the current practice governing appeals does not permit a delay in giving or receiving notice of the filing of a court order to affect the commencement of the time to appeal. *See* Iowa Rs. Civ. P. 1.442(6), .443(2); Iowa R. App. P. 6.101(1)(*b*). We are only permitted to exercise our authority to establish a different starting point to appeal under our rules when no notice of filing was given. Iowa R. App. P. 6.101(5). Our approach under our rules has not been to add time for service of the notice of filing of judgments, orders, decrees, or opinions. *See* Iowa R. Civ. P. 1.443(2); Iowa R. App. P. 6.701(6). We understand this firm starting point means the time to appeal a district court ruling may begin to run before a party to the case knows the ruling has been filed. We also understand this result means a party may actually have less than thirty days' notice to file an appeal on those occasions when the clerk is unable to review the order and direct the EDMS to transmit the notice of filing on the same date the order is filed. Our rule governing the time to appeal, however, does not exist to ensure

a party is given a full thirty days to contemplate the filing of an appeal. Instead, it has been built upon the rationale that justice is better served by a clear and uniform starting point in all cases. It has also been built on trust that clerks of court will promptly perform their duty to ensure notice of filing is provided after a court order is entered. This rationale is continued in the electronic world.

### III. Conclusion.

The notice of appeal in this case was untimely. The ruling was filed on July 11, 2014. The notice of appeal was not filed until August 12. The parties in the case received notice of filing of the order well within the thirty-day period to appeal. No events were identified to extend the thirty-day deadline. It is our duty to refuse to entertain an appeal not authorized by our rules. *Doland v. Boone County*, 376 N.W.2d 870, 876 (Iowa 1985).

**APPEAL DISMISSED.**

All justices concur except Mansfield and Waterman, JJ., who dissent.

**MANSFIELD, Justice (dissenting).**

I respectfully dissent from the court's holding that this appeal is untimely. Iowa Rule of Appellate Procedure 6.101(1)(*b*) provides that a notice of appeal "must be filed within 30 days after the filing of the final order or judgment." I would count the thirty days from the date when *the district court clerk* actually filed and served the order. I agree that the probable intent behind the interim Electronic Document Management System (EDMS) rules was to establish a "nunc pro tunc" regime under which items are submitted electronically, are subsequently reviewed and approved by the district court clerk, and then are retroactively deemed filed as of the time when they previously were submitted electronically by the judge or litigant. However, in light of some internal inconsistency in those EDMS rules, as well as doubts about their legal status and consistency with the Iowa Code, I would hold this appeal was properly taken.

Iowa Code section 602.8102(9) (2013) provides,

A pleading of any description is considered filed when the clerk entered the date the pleading was received on the pleading and the pleading shall not be taken from the clerk's office until the memorandum is made. The memorandum shall be made within two business days of a new petition or order being filed, and as soon as practicable for all other pleadings.

I agree with Concerned Citizens that this provision is fairly clear: An order is deemed filed when the clerk does a particular act—namely, enters the date of receipt. What matters is not the date on the stamp, but when the clerk does the act of stamping. By this reading, the district judge's order was not filed until July 15, 2014—the date the clerk actually approved it for filing.

I do not believe an interim EDMS rule, promulgated by this court but not submitted to or approved by the legislative council, can alter this result. In *Root v. Toney*, we recently addressed a conflict between Iowa Code section 4.1(34) and a supervisory order of this court. 841 N.W.2d 83, 87–90 (Iowa 2013). We held that our supervisory order could not supersede section 4.1(34) and, therefore, the appellant had an additional day to file his appeal. *See id.* at 89–90. The same principle applies here. The language of the statute must prevail over any conflicting interim EDMS rule.

It is true that only certain enumerated categories of rules have to be submitted to the legislative council. *See* Iowa Code §§ 602.4201(3), .4202(1)–(2). These include all "[r]ules of civil procedure" and several rules of appellate procedure, including those relating to the time for filing a notice of appeal. *Id.* § 602.4201(3)(*a*), (*d*). One could argue that a rose by any other name is still a rose, and an EDMS rule that purports to affect appellate deadlines is covered by Iowa Code section 602.4202 and must be submitted to the legislative council. That did not happen here. Regardless, a rule that has not been submitted to the legislature lacks the force of a statute like Iowa Code section 4.1(34) in the event of a conflict between the two. *See Root*, 841 N.W.2d at 90.

And this assumes that the interim EDMS rules are clear. In my view, they are not. Part of the problem appears to be the use of the term "filing" in the interim rules to mean two different things—(1) uploading a document into the EDMS system, and (2) the clerk's processing and approval of a document previously uploaded into the system. Rule 16.307(2) follows the latter interpretation of the term "filing":

> The electronic transmission of a document to the electronic document management system consistent with the procedures specified in these rules, together with the

> production and transmission of a notice of electronic filing
> constitutes filing of the document.

Interim Iowa Ct. R. 16.307(2), http://www.iowacourts.gov ("eFiling" tab; then "overview"; then "Chapter 16, Iowa Court Rules") (last visited Dec. 4, 2015). Under rule 16.307(2), no filing occurs until the clerk approves the submission and issues a notice of filing. By this standard, July 15 is the relevant date and Concerned Citizens' appeal is timely.

On the other hand, rule 16.311(1) uses "filing" in the other sense:

> When a document is filed using the electronic document management system, the system will generate a notice of electronic filing. The notice of electronic filing will record the date and time of the filing of the document in local time for the State of Iowa. This will be the official filing date and time of the document regardless of when the filer actually transmitted the document.

*Id.* r. 16.311(2). Under rule 16.311(1), filing occurs when the electronic submission takes place. By this standard, July 11 is the relevant date, and Concerned Citizens' appeal is untimely.

To make things more complicated, rule 16.308 utilizes *both* meanings of the term "filing":

> Each electronically filed document shall receive an electronic file stamp consistent with the notice of electronic filing. The file stamp shall merge with the electronic document and be visible when the document is printed and viewed on-line. Electronic documents are not officially filed without the electronic filing stamp.

*Id.* r. 16.308. The phrases "electronically filed document" and "officially filed" refer to documents that have received clerk approval. Yet, the "notice of electronic filing" refers to the act of submitting a document to the EDMS system.

Given these ambiguities in the EDMS rules, and the fact that Iowa Code section 602.8102(9) must control in any event, I would find the appeal timely. My interpretation of "filing" is consistent with the

commonsense notion that something is not "filed" when it is in limbo and has the potential to be rejected for filing. It is also, I believe, consistent with our precedent that a court order is not filed on the date the judge signs it but the date when it is entered by the clerk. *See McCubbin Seed Farm, Inc. v. Tri-Mor Sales, Inc.*, 257 N.W.2d 55, 57 (Iowa 1977) ("The controlling date, for appeal purposes, is not the date the judgment bears or the date the trial court signed it, but rather the subsequent date the judgment was entered."). Further, it is consistent with the principle that we "normally strive to resolve disputes on their merits." *Christiansen v. Iowa Bd. of Educ. Exam'rs*, 831 N.W.2d 179, 190–91 (Iowa 2013) (quoting *MC Holdings, L.L.C. v. Davis Cty. Bd. of Review*, 830 N.W.2d 325, 328 (Iowa 2013)) (resolving an ambiguity in Iowa Code section 17A.19 in favor of the conclusion that a petition for judicial review was timely filed).

The court believes petitioners' (and my) interpretation is impractical, but the court's interpretation is not without its own practical difficulties. In the pre-electronic paper world, a glitch could arise if the clerk failed to serve the order on counsel after filing it. This could adversely affect a litigant's time to respond to the order. But the rules at least required the clerk to serve the order "promptly." *See* Iowa R. Civ. P. 1.453. And in any event, the order once filed was a matter of public record: An interested litigant could check at the clerk's office to see if the judge had issued her or his ruling yet.

Now consider what happens today if the clerk fails to process an electronic submission, as occurred here for the brief period between July 11 and July 15. To begin with, nothing in the interim EDMS rules requires such submissions to be processed "promptly" or by any specific deadline. And until the order has been processed, it is a secret nullity— even a proactive litigant cannot find out about it. Therefore, while the

delay (and the resulting loss of appeal time) was only a few days here, the majority's interpretation of the EDMS rules offers litigants no protection against delays that could seriously prejudice them. As we have said before in the context of an administrative appeal,

> In the absence of a file or entry system by which the public and parties to a controversy before the board of tax review can learn of the board's decision, due process requires the statutory appeal period begins to run when the board decision is officially made available as a public record.

*Purethane, Inc. v. Iowa State Bd. of Tax Review,* 498 N.W.2d 706, 709–10 (Iowa 1993) (finding that an appeal from a determination of the Iowa State Board of Tax Review filed more than thirty days after the Board's decision was timely where the taxpayer did not receive notice of the decision until thirteen days after the order was signed and no file or entry system existed by which the taxpayer could have learned of the board's decision at an earlier date).

My colleagues respond that if it takes the clerk a day or two to process a judge's EDMS submission, this is no different from the day or two it used to take a copy of an order to reach a litigant in the mail. Our precedents indicate, however, that there is a difference between a copy of an already-public document being in transit in the mail and a not-yet-public document floating in limbo. *See id.*

Additionally, while our clerks of court and their deputies work hard, they do not generally work on weekends and holidays. Thus, if a judicial officer uploads a document on a weekend or holiday, and we follow the court's interpretation of the interim EDMS rules, the parties' deadlines are automatically shortened. As a matter of course, such litigants would have always less than the thirty days to appeal allowed in Iowa Rule of Appellate Procedure 6.101(1)(*b*). That appellate rule is

subject to the rulemaking requirements of section 602.4202, which means the thirty-day period it allows for appeal cannot be shortened without submission of the proposed rule change to the legislative council. *See Root*, 841 N.W.2d at 90.

As noted, the interim EDMS rules were never submitted to the legislative council for approval. We should interpret ambiguous rules to avoid conflicts with other rules or statutes. *See In re Marshall*, 805 N.W.2d 145, 159 (Iowa 2011) (harmonizing statutes to avoid conflict). The majority's interpretation is presumptively invalid given the resulting conflict with our appellate rule 6.101(1)(*b*) and given the failure to submit the rule change to the legislative council.

Our EDMS system was designed so that filing became a multiphase process that could potentially take days or even longer—consisting of uploading of the document, followed by clerk review and approval of the document, followed by publication and electronic service of the document. To my understanding the federal court EDMS does not work this way: Electronic service there occurs upon uploading of the document, resulting in only one possible filing date.[1] Perhaps

---

[1]According to the Electronic Case Filing Procedures Manual for the United States District Courts for the Northern and Southern Districts of Iowa: "The electronic transmission of a document to the Electronic Case Filing ("ECF") system . . . together with the production and transmission of a Notice of Electronic Filing ("NEF") by the ECF system, constitutes filing of the document and service of the document . . . ." N.D. & S.D. Iowa ECF Procedures Manual pt. VII. "The Clerk and the court will electronically file all court-generated documents . . . ." *Id.* pt. X.

> When a document is filed electronically, it will be served electronically through the ECF system on all persons who have appeared in the case . . . .

> When a document in a case is filed electronically, the ECF system will generate an NEF, which will be sent via e-mail . . . to the other persons who have appeared in the case . . . . Electronic service of a document is complete when an NEF for the document is produced and transmitted by the ECF system.

petitioners' counsel in this case were influenced by prior federal experience, leading them to docket the appeal deadline based upon the date when they received electronic notification of the court's order.

In any event, what has happened here is not an isolated occurrence. Several appellate attorneys have recently found the timeliness of their appeals to this court questioned when they took their appeal within thirty days of the date the clerk approved and electronically served the order—but not within thirty days of the date the judge uploaded it. This should tell us something. I would hesitate to jump to the conclusion that these attorneys erred. Maybe clarification is needed in our rules.

Having said all this, I would nonetheless affirm the district court's ruling on the merits. The present case is not a close one for me. The underlying dispute involves the voluntary annexation by Pleasant Hill of four adjoining parcels of land in unincorporated Polk County. All four landowners requested annexation. Although Altoona was also within two miles of the annexed land, it consented to the annexation. The county also supported it. On the record before it, the City Development Board's decision to approve this voluntary annexation by Pleasant Hill was neither arbitrary, unreasonable, nor without substantial supporting evidence. *See* Iowa Code § 368.22(2).

For the foregoing reasons, I respectfully dissent.

Waterman, J., joins this dissent.

---

*Id.* pt. XI. "The NEF generated by the ECF system . . . . will be the official filing date and time of the document . . . ." *Id.* pt. XV.