CADY, Chief Justice.
In this appeal, we must decide if the time to file a notice of appeal in an electronically filed case begins on the day the notice of filing is electronically transmitted or the day the court order from which the appeal is taken has been electronically filed. We conclude the notice of appeal from a final judgment or order of the district court must be filed within thirty days of the date the judgment or order was electronically filed, not the date of the notice of filing. We conclude the notice of appeal filed in this case was untimely. Consequently, we have no jurisdiction to consider the case and dismiss the appeal.
I. Background Facts and Proceedings.
Jessman Smith and a citizens group named Concerned Citizens of Southeast Polk School District (collectively referred to as Concerned Citizens) petitioned for judicial review of an agency action in district court. Concerned Citizens sought review of a decision by the City Development Board. The Board approved the annexation of land near Southeast Polk High School by the City of Pleasant Hill. The City annexed the land to pursue the development of an industrial warehouse. The City intervened in the proceedings.
The district court affirmed the Board’s decision. It electronically filed a written ruling with the clerk of court through the Electronic Document Management System (EDMS) of the Iowa court system on July 11, 2014. An electronic filing stamp was placed on the ruling. The filing stamp read: “E-FILED 2014 JUL 11 2:45 PM POLK - CLERK OF DISTRICT COURT.” On July 15, the electronic filing system transmitted a notice of filing. This was done after the clerk of court approved the filing, including the persons or entities designated to receive the notice. The notice was transmitted to the registered user ■account of each attorney representing the parties, as well as the attorney representing the intervenor. The transmitted notice stated across the top in red letters “ * * * «IMPORTANT NOTICE - READ THIS INFORMATION ***** NOTICE OF ELECTRONIC FILING OR PRESENTATION [NEF].” The notice clearly *401 conveyed in a table format the case number, the judge, the official time stamp, the court, case title, what document had been submitted, and a designation of filed by or in behalf of. In this particular case, the notice clearly identified the time of filing: “Official File Stamp: 07-11-2014:14:45:38.”
On August 12, Concerned Citizens filed a notice of appeal from the district court decision. It also filed a motion for extension of time to appeal. On August 18, the Board filed a motion to dismiss the appeal as untimely filed. It also filed a resistance to the motion for extension. We denied the motion for extension of time to appeal and ordered the parties brief and submit the motion to dismiss as an issue on appeal.
On appeal, Concerned Citizens claims the annexation was improper because the application was not entitled to a statutory presumption of validity and the Board refused to consider the effects of the proposed land use on the affected area. It also argues the appeal was timely filed because the time to file an appeal from the ■ decision of the district court did not begin to run under the-electronic filing process until the notice of filing was transmitted to the parties.
We conclude the appeal was not timely filed. We dismiss the appeal and do not review the other issues raised.
II. Motion to Dismiss Appeal.
When Iowa established its court system over 165 years ago, it created a clerk of court to keep all original papers filed in all court proceedings. See Iowa Code §§ 1560-1561 (1851) (providing all supreme court opinions and dissents must be written and filed with the clerk of court); id § 1565 (providing each clerk of the supreme court “must keep a complete register of all proceedings of the court”); id § 1577 (requiring each district court clerk “keep a record of the proceedings of the court”). Today, the clerk of court remains the depository of court records, but the means of transacting business in the courts has changed. See Iowa Code § 602.8104(2) (2013) (specifying the record books the clerk shall keep). In recent years, the Iowa court system has been transitioning into an electronic process in which paper is no longer the medium used to file documents and communications in court proceedings. - The electronic transition . began in 2009 and was completed statewide in June 2015. Polk County transitioned from paper, to electronic transactions in civil cases in February 2013. As a result, all documents in this case have been electronically filed.
The change to electronic transmission of documents in the Iowa court system has been accompanied by new rules to govern the new process. Interim rules pertaining to the use of electronic filing were adopted in January 2007 and have been periodically revised to incorporate recommendations from court users and advisory groups. These interim rules continue to govern the electronic process today and remain the governing rules pending adoption of final rules. Generally, the'electronic filing rules sought to continue the court practices that governed paper filing, not to change them. See Interim Iowa Ct. R. 16.308, http:// www.iowacourts.gov (“eFiling” tab; then “overview”; then “Chapter 16, Iowa Court Rules”) (last visited Dec. 4, 2015) (indicating an electronic filing has the same force and effect as filings time stamped in a nonelectronic manner once it receives an electronic file stamp),
Our rules of appellate procedure require a notice of appeal to “be filed within 30 days after the filing of the final order or judgment.” Iowa R.App. P. *402 6.101(1)(6). This rule captures the longstanding practice in Iowa and remains the rule today. Consequently, the period, of time to appeal a judgment, • order, or decree in Iowa commences on the date it was properly entered with the clerk of court. Lau v. City of Oelwein, 336 N.W.2d 202, 204 (Iowa 1983) (holding the period of appeal from a small claims case “would commence on the date the judgment is made final by being properly entered”).
Once a judgment, order, or decree is properly entered with the clerk, our rules have also historically required the clerk to “promptly mail or deliver notice of such entry, or copy thereof, to each party appearing, or to one of the party’s attorneys.” Iowa R. Civ. P. 1.453. This process is consistent with the concomitant requirement for the clerk to “immediate.ly” servé notice of the entry of an order or judgment upon each unrepresented party and the attorney representing "a party, together with a certificate of service. Id. rs. 1.442(6)-(7), .443(2). These rules have worked together to provide prompt notice of the filing of a judgmént or order and support the úse of the filing date as a firm and clear point to commence the thirty-day period to appeal. Id. r. 1.443(2). Additionally, the rule's have sought to ensure that the thirty-day time period would not be shortened by certain events that could occur after the time period commences to run. If the final date of the thirty-day time period lands on a weekend, legal holiday, or any other time when the office of the clerk of court is closed by court order, the deadline extends to include the next day the office is open. Iowa Code § 4.1(34); Root v. Toney, 841 N.W.2d 83, 89-90 (Iowa 2013).
The rules governing the “‘time for appeal are mandatory and jurisdictional.’ ” Root, 841 N.W.2d at 87 (quoting In re Marriage of Mantz, 266 N.W.2d 758, 759 (Iowa 1978)). If a deadline is missed, even by a single day, the court has no jurisdiction to hear the appeal. Mantz, 266 N.W.2d at 759. An appeal taken after the deadline must normally be: dismissed. Ahls v. Sherwood/Div. of Harsco Corp., 473 N.W.2d 619, 621 (Iowa 1991). We may extend the time to file a notice of appeal only if the clerk of court failed to notify a party of the filing of the final order or judgment. Iowa R.App. P. 6.101(5).
Concerned Citizens -does not argue that the electronic filing rules have changed our venerable appellate rule that begins the time to file an appeal on the day the court ruling is filed. However, the interim rules define the phrase “electronic filing” as “the electronic transmission of a document to the electronic document management system together with..the production and transmission of a notice of electronic filing.” Interim Iowa Ct. R. 16.201, Similarly, they declare that “[t]he electronic transmission of a document to the electronic document management system consistent with the procedures specified in these rules, together with the production and transmission of a notice of electronic filing constitutes filing of the document.” Id. r. 16.307(2).
Concerned Citizens seizes on the meaning of the term “electronic filing” under interim rule 16.201 to support its claim that the appeal in this case was timely because the filing of the court ruling was not complete under the electronic rules until the notice of filing was transmitted. It also relies on rule 16.307(2) pertaining to the acts that constitute the filing of an electronic document. Because the concept of filing now includes the production and transmission of the notice- of electronic filing, Concerned Citizens argues that the act of filing a court order under the new electronic filing system only begins with *403 the act of electronically transmitting' the document to the EDMS, but filing is not complete until the notice of filing is transmitted. Thus, it asserts that the time period to file an appeal from a court order does not commence until the notice of-filing has been transmitted. Concerned Citizens further claims that the concept of fundamental fairness is better served when the thirty-day time period to appeal -a court order commences from the time the parties are notified of that order. It points out that this' starting point assures all parties actually receive a full thirty days to pursue an appeal. ■
. In the paper world, the act of filing a court order and the notification by the clerk of the filing of that order were sepa-: rate , events, but events that went , hand-in-hand. See Iowa R. Civ. P. 1.442(6). In the electronic world, the association between the filing and the notice is continued, as revealed by the incorporation of the notice-of-filing concept into the definition of “electronic filing.” See Interim Iowa Ct. R. 16.201. The difference now is that the EDMS generates the time stamp and transmits the notices of filing, tasks formerly done by the clerk of court. With these changes, it is understandable that the meaning of electronic filing would expand to include the electronic transmittal of the notice of filing. However, electronic filing still consists of two,identifiable processes of- filing and notification, and this approach does not preclude the rules governing appeals from continuing to use.only the first step to begin the time to appeal. Additionally, the expanded meaning of “electronic filing” under the interim rules does not itself change the time when a court order is filed. It only gives two events a common meaning. Generally, a new version of a rule does not presume to change long-standing legal principles unless that .intention is clear and inescapable. See Hines v. Ill. Cent. Gulf R.R., 330 N.W.2d 284, 289 (Iowa. 1983) (applying this rule of construction to a statute).
Further, the rule governing the date and time of electronic filing provides:
The notice of electronic filing will record the date and time of the filing of the document in local time for the State of Iowa. This will be the official filing date and time of the document regardless of when the filer actually transmitted the document.
Interim. Iowa Ct. R. 16.311(l)(a). Thus, the last sentence of . interim rule 16.311(l)(a) identifies an “official filing date.” This is a date that needs to be clear and unmistakable in the law so,, that all litigants and attorneys know’the parameters of the jurisdictional time period to pursue an appeal. However,' the sentence ostensibly creates confusion by using the pronoun “this” at the beginning of the sentencing without’ further identifying what subject the pronoun describes. The sentence does not specifically identify whether the pronoun “this” refers to the “notice of electronic filing” in the preceding sentence or the “date and time of the filing” identified in the notice of electronic filing. See id. Nevertheless, considering the previous sentence, the paragraph as a whole, and the relevant companion rules, the word “this” necessarily refers to ‘the date and time recorded in the notice of electronic filing. Under the electronic rules, each order filed in the system receives an electronic filing stamp. Id. r. 16.308. This stamp identifies the date and time the order was filed, and it must be visible when the document is printed and viewed online. Id. Without the electronic filing stamp, a document is.not officially filed. Id. These -rules, and others, all reveal that the process of electronic filing for the purposes of identifying the date of filing is geared to the filing-of the order, *404 not the date of the notice of filing. Additionally, the rales provide that the force and effect of an electronically file-stamped order is the same as documents time stamped in a nonelectronic manner. Id.
It is also instructive to observe that our legislature, in defining the duties of the clerk of the district court, has declared a pleading is “considered filed when the clerk entered the date the pleading was received on the pleading.” Iowa Code § 602.8102(9). This statute is contrary to the former law that “no pleading of any description shall be considered as filed ... until the said memorandum [in the appearance docket] is made.” Iowa Code § 606.11 (1971); see also Wilson v. Wright, 189 N.W.2d 681, 532 (Iowa 1971) (discussing the effect of a recent amendment to Iowa Code section 606.11 on the beginning of the appeal period). Now, even though the clerk is required to separately enter a memorandum of the filing in the. appearance docket, a pleading is treated under the iaw as filed when received as noted on the pleading. Iowa Code § 602.8102(9) (2013). In other words, the electronic system now performs some of the tasks formerly performed by the clerk. In substituting EDMS for the clerk, the statute now logically means that pleadings are “considered filed when the. [EDMS] entente] the date the pleading was received on the pleading.” See id. Here, this date was July 11, 2014. This statutory declaration is analogous to court orders, and we strive to interpret our rules of procedure consistent with the governing statutes. See Root, 841 N.W.2d at 89-90 (examining the interplay of rules of procedure and related legislative enactments). Thus, we conclude that rale 16.308 must be interpreted to mean the official filing date of a document is the date it is filed, not the date of the notice of filing.
We observe that the interpretation urged by Concerned Citizens would create an unwanted moving target. The time to appeal a court order could change from case to case depending on the date the clerk of court completed a review of the filed order before prompting the system to transmit the notice of filing. See Interim Iowa Ct. R. 16.301(2) (indicating the clerk of court is responsible for receiving case filings into the EDMS by electronic transmission). The interpretation by Com cerned Citizens could also create confusion. It would mean the filing date recorded on the order and identified in the notice of filing would not necessarily be the filing date to commence the time-to appeal. As in the interpretation of statutes, the interpretation given to a rale should consider how workable it will be in practice. See Janson v. Fulton, 162 N.W.2d 438, 443 (Iowa 1968) (“[A] statute should be given a sensible, practical, workable, and logical construction.”).
.Finally, we emphasize that the current practice governing appeals does not permit a delay in giving or receiving notice of the filing of a court order to affect the commencement' of the time to appeal. See Iowa Rs. Civ. P. 1.442(6), .443(2); Iowa R.App. P. 6.101(1)(6). We are only permitted to exercise our authority to establish a different starting point to appeal under our rales when no notice of filing was given. Iowa R.App. P. 6.101(5). Our approach under our rules has not been to add time for service of the notice of filing of judgments, orders, decrees, or opinions. See Iowa R. Civ. P. 1.443(2); Iowa R.App. P. 6.701(6). We understand this firm starting point means the time to appeal a district court ruling may begin to run before a party to the case knows the ruling has been filed. We also understand this result means a party may actually have less than thirty days’ notice to file an appeal on those occasions when the clerk is *405 unable to review the order and direct the EDMS to transmit the notice of filing on the same date the order is filed. Our rule governing the time to ■ appeal, however, does not exist to ensure, a party is' given a full thirty days to contémplate the filing of an appeal. Instead, it has been built upon the rationale that justice is better served by a clear and uniform starting point in all cases. It has also been built on trust that clerks of court will promptly perform their duty to ensure notice of filing is provided after a court order is entered. This rationale is continued in the electronic world.
III. Conclusion.
The notice of appeal in this case was untimely. The ruling was filed on July 11, 2014. The notice of appeal was not filed until August 12. The parties in the case received notice of filing of the order well within the thirty-day period to appeal. No events were identified to extend the thirty-day deadline. It is our duty to refuse to entertáin an appeal not authorized by our rules. Doland v. Boone County, 376 N.W.2d 870, 876 (Iowa 1985).
APPEAL DISMISSED.
All justices concur except MANSFIELD and WATERMAN, JJ., who dissent.