**IN THE COURT OF APPEALS OF IOWA**

No. 16-1647
Filed June 21, 2017

IN THE MATTER OF THE GUARDIANSHIP AND CONSERVATORSHIP OF JAMES PERRY DAVIS, Ward.

**MISTY M. DAVIS,**
        Plaintiff-Appellant,

**vs.**

**KATHERINE KERR-DAVIS,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Washington County, Randy S. DeGeest, Judge.

        The sister of the adult ward appeals from the district court's order denying her petition for visitation.  **AFFIRMED.**

        Misty M. Davis, Cedar Rapids, pro se appellant.

        Craig Arbuckle of Craig Arbuckle Law Office, Washington, for appellee.

        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Misty Davis appeals from the district court's order denying her petition to initiate visitation with her adult brother, James.[1]

Misty maintains Katherine, her step-mother and the guardian of James, is keeping him from her. Misty first petitioned the court to initiate visitation with her brother in June 2015. Before the matter came on for hearing, Misty and Katherine reached an agreement, which the district court then incorporated into its October 7, 2015 order. The order noted that it was not granting Katherine the authority to deny communications, visits, or interactions between Misty and James but indicated Katherine did have the authority to "place reasonable restrictions." The order provided for a "slow progression of reunification efforts to reestablish" the relationship between Misty and James, beginning with Misty sending James a letter. Additionally, it stated James was to begin therapy after January 1, 2016.

On May 17, 2016, Misty filed a motion for visitation. In the motion, Misty claimed that she had made reasonable attempts to reestablish her relationship with James, including "numerous communications in writing and by telephone through counsel." She maintains Katherine had "acted in a manner consistent with intent to thwart such reunification and reestablishment of the prior relationship." In response, the court issued an order indicating it understood Misty's motion to be an application for contempt sanctions. The matter was set for hearing in August 2016. We have no transcript or statement of the proceedings before us in the record. *See* Iowa R. App. P. 6.806(1).

---

[1] The appellee has not filed a brief in this matter. *See* Iowa R. App. P. 6.903(3).

The court issued a written ruling on August 26, 2016. The court denied Misty's motion for visitation, stating in part:

> Misty wanted and hoped that after receiving the letter that the Ward would write her back, telling her that he wanted to talk to her and see her. However, that was merely Misty's hope and it was not reality, as the Ward made it absolutely clear that he wanted no contact with Misty.
>
> An examination of the protocol for reunification between Misty and the Ward clearly establishes that the process (if it was to continue) was dependent upon the letter writing supporting the reunification. Since it did not, the reunification process has stalled. The Court cannot and will not subject the Ward to emotional distress and ultimately trauma by requiring him to have contact with Misty. Unfortunately for Misty, the response from the Ward was not what she expected or wanted. However, she is stuck with it.
>
> Misty argues that the Ward was influenced by the Guardian into not wanting contact with Misty. The overwhelming evidence is to the contrary. Both case workers, the Guardian Ad Litem, the Ward's therapist and a primary caretaker all testified that the Ward does not want contact with Misty, and that they observed no evidence that the Ward was influenced in that opinion by the Guardian.

The court also denied the application for contempt, concluding, "Misty Davis did not prove beyond a reasonable doubt that the Guardian willfully violated a Court Order. This Court finds that the Guardian did not violate the Order in any way and, in fact, has fulfilled the Order."

Misty appealed from the court's August 2016 ruling. She raises a number of issues.

First, Misty claims the district court erred by approving the October 2015 agreement between the parties that required Misty to begin writing letters to James to reestablish their relationship. She insists the agreement is unlawful and contrary to public policy. Misty did not appeal from the October 2015 order incorporating the parties' agreement and the time when she could appeal is long

past. *See* Iowa R. App. P. 6.101(1)(b) ("A notice of appeal must be filed within 30 days after the filing of the final order or judgment."). We cannot and will not consider her complaints regarding the parties' agreement. *See In re Marriage of Mantz*, 266 N.W.2d 758, 759 (Iowa 1978) ("Where an appellant is late in filing, by as little as one day, we are without jurisdiction to consider the appeal.").

Next, Misty maintains Katherine has not shown good cause why Misty should not have visits and interactions with her brother. Iowa Code section 633.635(2)(d) (2016) requires a court to approve "the denial of all communication, visitation, or interaction with another person only upon a showing of good cause by the guardian." We note the district court expressly did not grant the denial of all communication between Misty and James in the October 2015 order, and we do not see that the court was asked to—or did—reconsider its position in the August 2016 ruling. It appears from the court's ruling that rather than Katherine preventing contact, James has chosen not to respond to Misty's entreaties. However, without a record of the proceedings, we cannot further evaluate Misty's claim.

Insofar as Misty's third claim is that visitation should be ordered between her and her brother, as stated before, without a record of the proceedings, we cannot find that the district court erred in its previous ruling. Regarding her claims Katherine should be removed as James' guardian, this issue was never raised before the district court and is not within our purview.

We affirm the order of the district court.

**AFFIRMED.**