**IN THE COURT OF APPEALS OF IOWA**

No. 21-0070
Filed October 20, 2021

**IN THE INTEREST OF K.D. and B.D.,**
**Minor Children,**

**C.D., Father,**
       Appellant.

_____


       Appeal from the Iowa District Court for Polk County, Lynn Poschner, District

Associate Judge.


       The father of the minor children appeals the termination of his parental

rights.  **APPEAL DISMISSED.**


       Alexandra M. Nelissen of Advocate Law, PLLC, Clive, for appellant father.

       Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

       Erin Mayfield of Youth Law Center, Des Moines, attorney and guardian ad

litem for minor children.


       Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

This case highlights the pitfalls of waiting until the last moment to meet a deadline. It involves a father appealing the juvenile court's order terminating his parental rights to his eight- and seven-year-old children.[1] Due to a missed filing deadline, we lack jurisdiction to hear the appeal and are required to dismiss it.

The details and timeline of the missed deadline are not disputed. The juvenile court issued its order terminating the father's parental rights on January 4, 2021. The father filed timely notice of appeal on January 17, 2021. *See* Iowa R. App. P. 6.101(1)(a) (requiring notice of appeal from an order terminating parental rights to "be filed within fifteen days after the filing of the order"). The filing of the notice of appeal triggered a fifteen-day deadline for the father to file his petition on appeal. Iowa R. App. P. 6.201(1)(b). If the deadline for filing the petition on appeal is not met, the appeal must be dismissed. Iowa R. App. P. 6.201(3).

As the notice of appeal was filed on January 17, the father's deadline for filing his petition on appeal was February 1. The father filed his petition thirty-two seconds after midnight on February 2. When the late filing was discovered, the supreme court ordered the father to submit a statement explaining why the appeal should not be dismissed. The father's attorney filed such a statement, asserting that the petition was completed by 9:30 p.m. on February 1, but the attorney's staff member experienced technical difficulties with the electronic document management system (EDMS) that prevented the document from being filed until thirty-two seconds after midnight on February 2. The supreme court ordered that

---

[1] The juvenile court also terminated the parental rights of the children's mother. She does not appeal.

the issue of whether the appeal should be dismissed because of untimely filing be decided with the appeal.

Before our supreme court's decision in *In re A.B.*, 957 N.W.2d 280 (Iowa 2021), the untimely filing of the petition on appeal would have ended the discussion. *See* Iowa R. App. P. 6.201(3); *see also Root v. Toney*, 841 N.W.2d 83, 87 (Iowa 2013) (noting our appellate "rules relating to time for appeal are mandatory and jurisdictional" (quoting *In re Marriage of Mantz*, 266 N.W.2d 758, 759 (Iowa 1978))). However, *A.B.* has added a wrinkle. Despite the express strictness of the rule, in *A.B.* our supreme court authorized granting a delayed appeal to give our appellate courts jurisdiction in some termination-of-parental-rights cases even when there is an untimely filing. 957 N.W.2d at 292. A delayed appeal is permitted "only where the parent clearly intended to appeal," "the failure to timely perfect the appeal was outside the parent's control," and "the resulting delay is no more than negligible." *Id.*

Here, it appears the three requirements set forth in *A.B.* are met, as the father clearly intended to appeal, the untimely filing of the petition was outside the father's control, and the thirty-two-second delay is negligible. As a result, a case can be made for allowing a delayed appeal in this case. However, two cautions lead us to conclude a delayed appeal is not warranted in this case.

The first caution comes from the Iowa Rules of Electronic Procedure. Those rules state that "[a] party's technical difficulty or the unavailability of EDMS does not excuse a party from complying with a jurisdictional deadline." Iowa R. Elec. P. 16.309(2)(a). If the express language of the rule were not enough to quell any

notion that a delayed appeal is permitted in this situation, the comment to the rule is even more direct in warning against last-minute filings:

> Electronic filing enables the filing of documents outside of normal business hours. A document filed before midnight on the date the filing is due is considered timely filed. *Filers are cautioned, however, not to wait until the last moment to file documents electronically as EDMS may not always be available.* Just as a jurisdictional deadline cannot be extended for a filer, who—due to vehicle or traffic problems, for example—arrives at the courthouse moments after the clerk of court office has closed, *jurisdictional deadlines cannot be extended for the filer who encounters system or other technical difficulties between the time of close of business and a midnight filing deadline.*

Iowa R. Elec. P. 16.309 cmt. (emphasis added). The situation cautioned against in the rule and its comment is exactly what happened here. The filer waited until the last moment—between the close of business and a midnight filing deadline— to attempt to electronically file a document to meet a jurisdictional deadline. EDMS was purportedly unavailable, so the deadline was missed. By the plain language of rule 16.309(2)(a), any technical difficulties experienced by the father do not excuse him from complying with the jurisdictional deadline.

The second caution is found in *A.B.* itself. In *A.B.*, the court recognized the availability of a delayed appeal in a termination-of-parental-rights case when the petition on appeal was filed two days after the deadline. 957 N.W.2d at 289. The late filing resulted from the parent's counsel's failure to calendar properly the deadline "due to required quarantining and working from home after her daughter tested positive for COVID-19." *Id.* at 293. In recognizing and granting the delayed appeal, however, the supreme court cautioned that attorney errors would not necessarily warrant a delayed appeal because doing so "would effectively write our 'no extensions' provision out of the rules, *which we have no intention of doing*."

*Id.* n.4 (emphasis added). The supreme court then explained that it was granting the delayed appeal because of the extenuating circumstances in the case that "involv[ed] the heightened quarantining practices required by the coronavirus" at the time, which was when Iowa was experiencing "some of its highest transmission rates, hospitalizations, and deaths." *Id.*

We interpret the holding in *A.B.* as imposing an extenuating-circumstances requirement together with the aforementioned requirements of intent to appeal, no fault of the parent, and negligible delay. In *A.B.*, those extenuating circumstances existed because of an unprecedented global pandemic with resulting disruption and risk caused by spikes in infection rates when the attorney's mistake was made. *See id.* We do not mean to suggest that only COVID-related excuses will suffice, but *A.B.* makes it clear the circumstances must be extenuating to some degree.

Here, we have no such extenuating circumstances. Instead, we have fairly predictable and foreseeable circumstances of an attorney waiting until the last moment to meet a jurisdictional filing deadline and running into technology problems. The fact that this scenario is used as an example in our rules of electronic procedure as an occurrence that does not excuse a late filing demonstrates how this is not an extenuating circumstance.

We are mindful of the fact that the delay here—a mere thirty-two seconds— is the epitome of a negligible delay. However, if we were to grant a delayed appeal on that basis alone, without the showing of extenuating circumstances found in *A.B.*, it would naturally lead to a need to figure out where to draw the line in future cases with no extenuating circumstances. Is an hour too long? A day? A week? Our rules of appellate procedure have already drawn that line. It is fifteen days

after filing of the notice of appeal.  The father here neither met the deadline nor showed the extenuating circumstances required by *A.B.*  We will not blur the line drawn by our rules by granting a delayed appeal under these less-than-extenuating circumstances.

There being no basis for granting a delayed appeal, the late filing of the father's petition deprives of us jurisdiction to decide his appeal on the merits.

**APPEAL DISMISSED.**