# IN THE COURT OF APPEALS OF IOWA

No. 20-0124
Filed April 14, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMEESHA RENAE ALLEN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Carroll County, Joseph McCarville,
District Associate Judge.

Jameesha Allen appeals her conviction, following a guilty plea, of operating
while under the influence, and the sentence imposed.  **CONVICTION AFFIRMED;**
**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Kevin Hobbs, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant
Attorney General, for appellee.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Jameesha Allen appeals her conviction, following a guilty plea, of operating while under the influence, relating to conduct in May 2019, and the sentence imposed. Sentence was imposed and judgment was entered on December 12, 2019. More than thirty days later, Allen's notice of appeal was file-stamped, one day after the appeal deadline. *See* Iowa Rs. App. P. 6.101(1)(b) ("A notice of appeal must be filed within 30 days after the filing of the final order or judgment."), .102(2) (directing notices of appeal to be filed "with the clerk of the district court where the order or judgment was entered within the time provided in rule 6.101(1)(b)"); *see also* Iowa Code § 4.1(34) (2019) (setting parameters for time computation).

So we must first address our jurisdiction.[1] The "State acknowledges that the notice of appeal may be accepted as timely filed or [as a] delayed appeal" because, while the notice of appeal was not file-stamped until after the appeal deadline, Allen facsimiled her notice of appeal to the clerk of court on the deadline. We agree. *See* Iowa R. App. P. 6.101(4) ("The time for filing a notice of appeal is tolled when the notice is served, provided the notice is filed with the district court clerk within a reasonable time."); *State v. Anderson*, 308 N.W.2d 42, 46 (Iowa 1981) (noting allowance of delayed appeal where a defendant "has made a good faith effort to perfect his [or her] appeal"); *State v. Todd*, No. 03-0831, 2004 WL

---

[1] "The rules governing the "'time for appeal are mandatory and jurisdictional'"" and "[i]f a deadline is missed, even by a single day, the court has no jurisdiction to hear the appeal." *Concerned Citizen of Se. Polk Sch. Dist. v. City Dev. Bd.*, 872 N.W.2d 399, 402 (Iowa 2015) (citation omitted).

57699, at *1 (Iowa Ct. App. Jan. 14, 2004) (finding appeal timely where notice of appeal was faxed to clerk on appeal deadline but was not file-stamped until five days later).

We turn to the State's claim Allen has no right to appeal because she pled guilty and has not established good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3) (Supp. 2019) (stating a defendant has no right to appeal "[a] conviction where the defendant has pled guilty" unless the plea was to a class "A" felony or "where the defendant establishes good cause").[2] As to Allen's conviction, as the State points out, she forwards no meaningful argument concerning good cause. Allen claims there are "potential plea and sentencing issues that could constitute due process violations." But she does not actually forward any specific due process claims. As to "pretrial issues," she asks us to determine whether the trial information, written guilty plea and sentencing orders present problems regarding insufficiency, vagueness, or involuntariness." But her "counsel notes nothing specifically to bring to the court's attention." It is not our role to formulate an argument for Allen on these points, and we decline to do so. *See, e.g.*, *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974).

As to "guilty plea procedure," she asks us to determine if her challenge to "her guilty plea and sentence has merit based on good cause, a defect in the plea proceeding and/or an improper denial of a motion in arrest of judgment." But she

---

[2] This statute became effective July 1, 2019, prior to entry of judgment, and thus applies to this appeal. *See* 2019 Iowa Acts ch.140, § 28(1)(a)(3); *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

seems to agree the requirements of the relevant rules of criminal procedure were complied with. She does not specifically highlight any deficiency in the proceedings leading up to her guilty plea but really only requests that we conduct an independent review to ensure all procedures were complied with and point out any potential cause for reversal. Again, this is not our role. *See id.* She has presented us with no "legally sufficient reason" to appeal her guilty plea conviction, so she has no right to appeal it. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (defining good cause under section 814.6A(1)(a)(3)).

Good cause does exist to allow consideration of Allen's purported challenges to her sentence. *Id.* She requests us to "determine whether the written" sentencing order provided sufficient reasoning for the court's sentencing decision. However, she acknowledges "the sentencing order does have an explanation giving the reasons for the sentence." We agree the statement of rationale is sufficient.

Allen also appears to raise an argument about the court's determination of her reasonable ability to pay category two restitution. She points to her written waiver of rights and guilty plea and notes she did not initial either of the boxes stating whether she agreed she had a reasonable ability to pay her court-appointed attorney fees or disagreed and requested a hearing. Pursuant to the plea agreement, Allen agreed she could pay items of category two restitution the court ultimately ordered her to pay—court-appointed attorney fees "not to exceed $600," court costs, and jail fees at a rate of $2.00 per hour, which Allen acknowledges. *See* Iowa Code § 910.2(1) (2018).

However, the State agrees that, under the state of the law at the time Allen's sentence was imposed, the court improperly made a reasonable-ability-to-pay determination without the amounts of all items of category two restitution before it, and such an order would have been subject to remand under that state of the law. *See State v. McMurry*, 925 N.W.2d 592, 601 (Iowa 2019) (reversing final restitution order where district court ordered category two restitution "before the total amount of fees was determined"). But the State argues, "Remand is no longer appropriate" because "[r]ecent statutory amendments preclude her challenge to the district court's order." The State cites several statutes that took effect in June 2020. *See* Iowa Code §§ 910.2A(3)(b) (Supp. 2020) (noting a failure to request a reasonable-ability-to-pay determination amounts to waiver except as provided in section 910.7), .2B (automatically converting temporary, supplemental, and orders lacking a determination to permanent orders of restitution on June 25, 2020, and directing the only means to challenge conversion is to file a petition pursuant to section 910.7), .7(4), (5) (precluding appellate courts from considering issues of restitution unless exhausting remedies in the district court and directing appeal therefrom should be by writ of certiorari). The State maintains these provisions converted Allen's restitution order to a permanent one in June 2020 and the order can only be challenged through filing a petition under section 910.7.

But the State was without the benefit of our supreme court's decision in *State v. Hawk*, 952 N.W.2d 314 (Iowa 2020) when it filed its brief. There, the court noted the new legislation rendered previously unenforceable restitution orders enforceable effective June 25, 2020. *Hawk*, 952 N.W.2d at 317. But the court rejected the claim that the conversion statute precludes appellate jurisdiction and

required a defendant to bring a challenge to a previously unenforceable restitution order through a section 910.7 petition where a defendant "is not challenging the conversion of a restitution order to a permanent restitution order." *Id.* Where, as in Allen's case, as well as in *Hawk*, the court enters a final order for restitution without knowing the full amount and accompanied by a determination of reasonable ability to pay, the conversion statute does not apply. *Id.* at 317–18. Like the defendant in *Hawk*, Allen's restitution order was not converted because it was a permanent order, and therefore is not subject to the new legislation. And Allen is not required to exhaust the remedies of section 910.7, so the challenge may be "properly brought on direct appeal." *Id.* at 319. So, pursuant to *State v. Albright*, 925 N.W.2d 144 (Iowa 2019) and its progeny, the permanent order for second category restitution without the court having the amount of each item before it was improper. *See State v. Davis*, 944 N.W.2d 641, 645 (Iowa 2020). Under *Albright*, imposition of the category two restitution must await a final restitution plan and determination of Allen's reasonable ability to pay, so we vacate the order for category two restitution pending completion of a final restitution order and assessment of Allen's ability to pay. *See State v. Smeltser*, No. 18-1998, 2019 WL 2144683, at *1 (Iowa Ct. App. May 15, 2019).

While the State complains Allen invited the error and her challenge is not preserved or waived because she agreed in the plea agreement to paying restitution, courts are only authorized by statute to order second category restitution to the extent a defendant is reasonably able to pay, and Allen acknowledged in her written guilty plea that the amount ordered would be based on her ability. Allen "is complaining about the determination the district court

actually made" and the court ruled on the issue, so Allen did not need to object in the district court to preserve error. *See Hawk*, 952 N.W.2d at 320.

We affirm Allen's conviction absent a showing of good cause to appeal but vacate the portion of her sentence requiring second category restitution and remand the matter for completion of a final restitution order and assessment of Allen's ability to pay.

**CONVICTION AFFIRMED; SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**